UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIRK AND AMY HENRY,

    Plaintiffs,

vs.

FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,

    Defendants.

Case No. 2:08-cv-00635-PMP-GWF

**ORDER**

**Motion to Compel - #129**

This matter is before the Court on Plaintiff Kirk Henry's Motion to Compel Dean R. Patti, Esq. to Produce Documents in Response to Rule 45 Subpoena (#129), filed on June 5, 2009 and Opposition to Motion to Compel Dean R. Patti, Esq. to Produce Documents in Response to Rule 45 Subpoena (#131) filed June 19, 2009. The Court scheduled a hearing on this motion for July 13, 2009 at 10:00 A.M. Having reviewed the motion and response, the Court finds that this matter is suitable for resolution without hearing.

**BACKGROUND AND DISCUSSION**

The law firm of Patti, Sgro & Lewis served as counsel for Defendant Rick Rizzolo for many years. Patti, Sgro & Lewis also jointly represented Rick and Lisa Rizzolo in their 2005 divorce and drafted the decree of divorce dividing the Rizzolos' community property assets which the Plaintiffs allege was a collusive divorce intended to conceal and alienate Defendant Rick Rizzolo's assets from eventual execution by the Plaintiffs. Patti, Sgro & Lewis also initially represented Rick Rizzolo and Lisa Rizzolo in this action by filing a motion to dismiss the complaint. After that motion was denied, Patti, Sgro & Lewis withdrew as counsel for the Defendants. Lisa Rizzolo obtained new counsel to represent her. Rick Rizzolo is not currently represented by counsel in this action, although there

appears to be an ongoing informal attorney-client relationship between Mr. Rizzolo and Patti, Sgro & Lewis in relation to this lawsuit. Mark Hafer of Patti, Sgro & Lewis has, for example, communicated with Lionel Sawyer & Collins regarding Mr. Rizzolo's position on the production of records by that law firm to Plaintiffs. *See Lionel Sawyer & Collins' Response to Plaintiffs' Motion to Compel (#133)*, filed June 22, 2009.

Plaintiffs previously served a subpoena duces tecum on the custodian of records of Patti, Sgro & Lewis which resulted in a motion to compel. *See Order (#52)*. That subpoena called for the production of:

> Copies of checks, records of payment, billing invoices, engagement letters, and transmittal sheets for services performed on behalf of Frederick Rizzolo, Lisa Rizzolo, Rick and Lisa Rizzolo Family Trust, The Power Company, Inc. and/or other related business entities between 9/20/01 and the present.

In response to the subpoena, Patti, Sgro & Lewis's custodian of records testified that he was only able to locate records responsive to the subpoena dating back to July 2006. Patti, Sgro & Lewis explained its inability to produce records prior to that time by stating that it moved its office within the past few years during which records may have been discarded or misplaced, and that some client records were damaged during a flood and were discarded. In its order filed on December 28, 2008, the Court stated that "[t]he circumstances regarding Patti, Sgro & Lewis's inability to produce records for the period prior to July, 2006 may, however, be an appropriate subject for further discovery by the Plaintiffs." *Order (#52)*, page 8.

Plaintiffs have since followed up on the Court's statement by noticing the deposition of attorney Dean Patti, Esq and serving him with a subpoena that requires him to produce:

> Documents referring to any flood or water damage to the law offices of Patti, Sgro & Lewis or any of its storage facilities including, but not limited to, correspondence to and from any insurance company, proof of claim, receipt of payment and/or any claim file regarding any of the foregoing.

Mr. Patti and Patti, Sgro & Lewis object to this subpoena on the grounds that the date set for the deposition conflicts with Mr. Patti's prior summer vacation plans and should be rescheduled to a more convenient date. Second, as a non-party in this case, Patti, Sgro & Lewis argues that Plaintiffs should be required to reimburse it for the expense of having to search its files for documents responsive to the

subpoena. Patti, Sgro & Lewis relies on Fed.R.Civ.Pro. 45(c)(2)(B)(ii) which provides that the court must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance with a subpoena. Patti, Sgro & Lewis requests that Plaintiffs be required to compensate it for two hours of paralegal time at the rate of $90.00 per hour to search for documents responsive to the subpoena.

Patti, Sgro & Lewis has, in fact, placed its credibility in issue by stating that it is unable to produce client records that it had a legal duty to retain and which one would expect an attorney to retain. Patti, Sgro & Lewis's assertion that client records may have been destroyed in a flood was uninformative as to when the flood occurred, where it occurred and extent of records destroyed. It is reasonably incumbent on Patti, Sgro & Lewis to demonstrate the validity of its explanation that records relating to Mr. and/or Mrs. Rizzolo were or may have been destroyed in a flood. The discovery sought by Plaintiffs is therefore a reasonable follow-up to its efforts to obtain relevant records from the Rizzolos' attorneys. Patti, Sgro & Lewis has not demonstrated that it will incur a substantial burden and expense to locate and produce records relating to a flood which apparently occurred within the past several years. Absent such a showing, Patti, Sgro & Lewis is not entitled to an order which requires the Plaintiffs to pay $180 in paralegal expenses for locating and producing the records requested in the subpoena. Nor has Patti, Sgro & Lewis shown that the search needs to be conducted by a paralegal.

The Court directs that the parties further meet and confer regarding a date for Mr. Patti's deposition. If the parties cannot agree on a date for the deposition, the Court will set one during the hearing on July 13, 2009. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kirk Henry's Motion to Compel Dean R. Patti, Esq. to Produce Documents in Response to Rule 45 Subpoena (#129) is **granted** as follows:

1.  Patti, Sgro & Lewis's request for payment of expenses pursuant to Fed.R.Civ.Pro. 45(c)(2)(B)(ii) is denied.

. . .

. . .

. . .

. . .

2. The parties shall further confer on a rescheduled date for Mr. Patti's deposition. If the parties are unable to agree on a date, the Court will set a deposition date during the hearing on July 13, 2009.

DATED this 30th day of June, 2009.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge