# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KIRK AND AMY HENRY,

    Plaintiffs,

vs.

FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,

    Defendants.

Case No. 2:08-cv-00635-PMP-GWF

**ORDER**

**Motion for Reconsideration (#448)**

    This matter is before the Court on Plaintiffs' Motion for Reconsideration (#448), filed on August 23, 2010 and Defendant's Opposition to Plaintiffs' Motion for Reconsideration (#460), filed on September 9, 2010. Having reviewed the foregoing documents, the Court finds that it is unnecessary to await a reply to the opposition or schedule a hearing before deciding this motion.

## DISCUSSION

    The facts relevant to this motion are set forth in Order (#437). Plaintiffs ask this Court to reconsider its award in that order of $1,000.00 in attorney's fees against Defendant Rick Rizzolo. The standard for reconsideration of an interlocutory order was recently set forth in *Evans v. Inmate Calling Solutions*, 2010 WL 1727841 (D.Nev. 2010) *1-*2, as follows:

> [A] district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir.2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical Contractors, Inc.,* 215 F.R.D. 581, 583-85 (D. Ariz 2003) (collecting examples), this court has not done so. Instead, it has utilized the

> standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order.[1]
>
> A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. U.S.,* 256 F.Supp.2d 1180, 1183 (D.Nev.2003).

*United States Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707 (D. Nev. 2010) *2 further states that:

> "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.,* 319 B.R. 207, 209 (D.Nev.2004).

Plaintiffs argue that the Court should award them higher attorney's fees and costs incurred in prosecuting their motion for sanctions. Plaintiffs note that under Rule 37(b)(2)(C) the court must order a party that unjustifiably disobeys a discovery order to pay the reasonable expenses, including attorney's fees caused by the failure. The court, however, has broad discretion in imposing sanctions under Rule 37(b), including determining the amount of monetary sanctions that are appropriate under the circumstances of the case. *Parker v. Upsher-smith Laboratories, Inc.*, 2009 WL 418596 (D.Nev. 2009) *5, citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1105-06 (9th Cir. 2001).

Because the Court did not fully explain its reasons for awarding Plaintiff's only $1,000 on their motion for sanctions, the Court will, to that extent, entertain Plaintiffs' motion for

---

[1] The Northern District of California has adopted a local rule that imposes a higher burden to justify reconsideration of an interlocutory order than is applied on a motion for reconsideration of a final order or judgment. *Nidec Corporation v. Victor Company of Japan, Ltd.*, 2007 WL 4108092 (N.D.Cal. 2007) *4 explains that this higher standard "lessens the likelihood that parties will . . . opportunistically move the Court to reconsider any order that it (sic) disagrees with, needlessly impeding the progress of the case and unduly burdening opposing parties and the Court."

reconsideration by explaining its reasons for the award. There is no question that Mr. Rizzolo's discovery responses prior to January, 2010 were deceptive. After Mr. Rizzolo retained Mr. Frizzell as his new counsel, however, he began supplementing his discovery responses in a manner that at least indicated a willingness to comply with his discovery obligations. Those supplementations, which continued to be served even after Plaintiffs' filed their renewed motion to compel on February 5, 2010, were still insufficient. Therefore, on March 12, 2010 the Court ordered Defendant to further supplement his discovery responses. *See Order (#314)*. Mr. Rizzolo served additional discovery responses in compliance with the order on a rolling basis and continued to supplement his discovery responses after Plaintiffs' filed their motion for case dispositive sanctions on May 11, 2010.

For the reasons set forth in Order (#437), the Court concluded that Plaintiffs' request for the severe sanction of default was both premature and unjustified. Because the Court denied Plaintiffs' principal request in its motion, it could have denied any award of attorney's fees to Plaintiffs. The Court concluded, however, that an award of $1,000.00 in attorney's fees against Mr. Rizzolo was a proper sanction for his continued failure to comply with the Court's order that he produce the statements for the RLR Trust's bank account. The Court again reminded Defendant that more severe sanctions, including the default sanction, could be imposed if he continued to fail to comply with his discovery obligations and the court's orders.

The Court finds no basis for reconsidering the amount of attorney's fees awarded to Plaintiffs in Order (#437). While the attorney's fees incurred by Plaintiffs on the motion for sanctions are greater than $1,000.00, Plaintiffs are not entitled to recover the attorney's fees incurred in prosecuting a motion for sanctions that was in large measure unsuccessful. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Order (#437) on Motion for Rule 37(b)Sanctions (#371) (#448) is **denied.**

DATED this 10th day of September, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE