# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KIRK AND AMY HENRY, )
  )
    Plaintiffs, )     Case No. 2:08-cv-00635-PMP-GWF
  )
vs. )     **ORDER**
  )
FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,)
  )
    Defendants. )
_____)

      This matter is before the Court on Plaintiffs' Motion for Reconsideration (#456), filed on September 7, 2010; Defendant Lisa Rizzolo's Opposition to Motion for Reconsideration (#467), filed on September 24, 2010; and Plaintiffs' Reply in Support of Motion for Reconsideration (#476), filed on October 4, 2010.

## BACKGROUND AND DISCUSSION

      On August 24, 2010, the Court granted, in part, Defendant Lisa Rizzolo's amended motion to compel Plaintiffs to provide answers to interrogatories and responses to request for production of documents relating to Plaintiffs' common law causes of action for fraud and conspiracy to defraud. *See Order (#449)*. The basis for the Court's order was that common law fraud requires the plaintiff to prove by clear and convincing evidence that he relied to his detriment on a material misrepresentation made by the defendant. *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992). In this case, Plaintiffs did not allege that Defendants Rick Rizzolo or Lisa Rizzolo made any specific misrepresentations. Instead, Plaintiffs alleged that Defendant Rick Rizzolo's breach of the covenant of good faith and fair dealing in the parties' underlying settlement agreement supported their common law claims for fraud and conspiracy to defraud. During the hearing on the motion to compel and in its order granting the motion, the Court expressed its doubt

regarding the viability of these causes action. The Court ruled, however, that if Plaintiffs intended to prosecute such claims based on a vague allegation of Plaintiffs' reliance on the underlying settlement agreement, then Defendant was entitled to pursue broad discovery regarding the facts and circumstances underlying such alleged reliance.

The Plaintiffs have now moved for voluntary dismissal of their common law fraud and conspiracy to defraud causes of action, leaving only their third cause of action for violation of the Uniform Fraudulent Transfer Act. *See Motion for Voluntary Dismissal (#455)*. Defendants do not oppose the dismissal of the claims but argue that the Court should also strike the factual allegations of the amended complaint relating to the dismissed causes of action. *See Responses (#466)* and *(#468)*. Because the Defendants do not oppose dismissal of the common law fraud and conspiracy to defraud claims, this Court anticipates that the motion will be granted by the District Judge.

A claim under NRS 112.180.1(a) of the Nevada Uniform Fraudulent Transfer Act requires only proof that the debtor made the transfers with the actual intent to hinder, delay or defraud *any* creditor of the debtor. There is no requirement that the plaintiff prove that he or she was in fact deceived by the transfers or that plaintiff somehow relied on the statements or conduct of the debtor. It is undisputed that the underlying settlement agreement between the Plaintiffs and Mr. Rizzolo and his company contemplated that the $9 million balance of the settlement would be paid from the proceeds of the sale of the Crazy Horse Too business. Defendant Rick Rizzolo has also acknowledged that he is legally obligated to pay the $9 million from his other assets if it cannot be recouped from the sale of the business. Dismissal of Plaintiffs' common law fraud and conspiracy to defraud claims therefore eliminates any need for discovery into the parties' underlying settlement negotiations or exploration into any alleged reliance by Plaintiffs on the statements or actions of the Defendants. Dismissal of these claims also constitutes a material change of circumstances which justifies the Court in granting reconsideration of its prior order requiring Plaintiffs to provide discovery relevant to the issue of reliance. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (#456) is **granted** subject to the entry of an order dismissing Plaintiffs' First and Second Causes of Action. Plaintiffs shall not be required to comply with Order (#449) which required them to respond to Defendant

Lisa Rizzolo's discovery requests relating to the negotiations of the underlying settlement agreement or whether Plaintiffs relied upon any statement or conduct of Defendants.

DATED this 6th day of October, 2010.

_____
GEORGE FOLEY, JR
U.S. MAGISTRATE JUDGE