Prob12B
D/NV Form
Rev. Mar. 2007

# United States District Court

for

the District of Nevada

2010 OCT 20  P 1: 50

## REQUEST FOR MODIFICATION
## TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER
*Probation Form 49 (Waiver of Hearing) is Attached*
### October 12, 2010

**Name of Offender:** __JAMES KIMSEY__

Case Number: __2:08-cv-635-PMP-GWF__

Name of Sentencing Judicial Officer: __Honorable Philip M. Pro__

Date of Original Sentence: __August 6, 2010__

Original Offense: __Criminal Contempt__

Original Sentence: __3 years probation__

Date Supervision Commenced: __August 6, 2010__

Date Jurisdiction Transferred to District of Nevada: __N/A__

Name of Assigned Judicial Officer: __Philip M. Pro__

## PETITIONING THE COURT

___ To extend the term of supervision _____ Months, for a total term of _____ Months.

✓ To modify the conditions of supervision as follows:

1. You shall be restricted from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body or unless the appropriate governing/regulatory body allows such service to be performed by an unlicensed person if performed under the direct supervision of a person or entity that is licensed by the appropriate/regulatory body. This condition does not prohibit you from acting on your own behalf in personal matters, pursuing or cooperating in your appeal in this matter, or from seeking judicial intervention or protection if appropriate circumstances arise.

**RE: JAMES KIMSEY**

2.  Understanding that mutual issues are present, you shall not initiate contact directly or indirectly with one Helene Lester. Should such contact be unavoidable and should such contact occur, whether initiated by her or by you, you shall notify the probation officer within 24 hours. This condition does not prohibit you from seeking judicial intervention or protection if appropriate circumstances arise.

## CAUSE

Immediately following sentencing on Friday, August 6, 2010, Kimsey reported to the probation office and met with the undersigned officer. Conditions of probation were reviewed with Kimsey and he was provided with a copy of said conditions. Kimsey stated that he completely understood all requirements and our expectations while under probation.

As the Court may recall, Kimsey is employed by his wife's consulting firm, AM Consulting Group. Kimsey's wife, via her consulting firm, serves as corporate counsel for Home Loan Modifications of America (HLMA). Home Loan Modifications is a company that helps home owners facing foreclosure negotiate with lenders to restructure their mortgage to stave off foreclosure proceedings. Kimsey explained to the presentence investigator that he assisted his wife with client contacts and legal research. Since being sentenced in this matter, Kimsey reports that his duties have shifted as he no longer has contact with clients of HLMA and primarily serves as their compliance officer. Kimsey acknowledges that he is prohibited from communicating with clients regarding the foreclosure mediation process as he is not licensed to do so.

During the office visit on August 6, 2010, Kimsey stated he would attend foreclosure mediation proceedings with the qualified employee (Armondo Tulley) of Home Loan Modifications of America for the sole purpose of taking notes during these proceedings. He claimed he would not engage in any negotiations or offer any legal advice. Kimsey stated in light of his conviction and conditions of probation he will no longer attend mediation hearings to avoid the appearance of engaging in any activity that could be construed as a violation of his probation, specifically the condition restricting him from engaging in the practice of law for a period of three years, unless legally licensed to do so. Furthermore, Kimsey stated his role with his wife's company would simply be "clerical" work and would no longer involve direct contact with her clients or that of Home Loan Modifications of America. The undersigned concurred and requested he not attend any mediation hearings during his term of probation.

On August 10, 2010, the undersigned officer received a call from Assistant United States Attorney Peter Leavitt explaining he received a call from a local attorney, Allison Schmitt, who reported that she observed Kimsey at a mediation hearing this date and was asking if there were any restrictions as a condition of his probation regarding his attendance at mediations. The undersigned contacted Ms. Schmitt who explained that she is a local attorney whose firm represents lenders at foreclosure mediation hearings. Ms. Schmitt further advised that she observed Kimsey with his wife and what appeared to be clients on this date (August 10, 2010) at a mediation hearing. Ms. Schmitt stated it was her colleague that actually participated in the mediation involving the clients of Home Loan Modifications of America and that Kimsey did not sit in the hearing or participate once the proceedings started. This is concerning since Kimsey promised this officer he would not even be present where a mediation is occurring.

On August 11, 2010, Kimsey was contacted at his residence and was questioned regarding mediation proceedings and licensor requirements. Kimsey stated he does not possess any of the required licenses to participate in the foreclosure mediation program and reiterated his position to not attend whatsoever to avoid any allegations of misconduct. The undersigned questioned Kimsey as to when he last attended a mediation hearing, to which he replied "3 or 4 days" before sentencing. The undersigned then asked Kimsey if he has attended any mediation hearings since being sentenced on Friday, August 6, 2010, to which he replied "no". For clarification, the undersigned asked if he has even been at a location where a mediation occurred since being sentenced in this matter to which he replied "no". Kimsey was asked this same question again on August 16, 2010, to which he replied "no" again.

On September 14, 2010, Kimsey reported to the probation office with Franny Forsman, Federal Public Defender. Kimsey was confronted regarding his appearance at a mediation hearing on August 10, 2010. Kimsey emphatically denied he or his wife were present at this mediation hearing. In fact, the offender stated that his wife's schedule for that particular day would have precluded her from attending the mediation hearing. The offender reiterated that he has not attended or, been on location, where a mediation hearing has occurred. Kimsey became angry and was upset that he keeps getting "blamed" for things he is not doing and requested our office thoroughly investigate this allegation.

Upon further investigation, it was determined that there is insufficient evidence to substantiate Kimsey's appearance at the mediation hearing on August 10, 2010, however, it was confirmed that his wife was. On August 15, 2010, Kimsey was contacted telephonically and confronted about lying to his probation officer regarding his wife's attendance at said mediation. Kimsey claimed he never made such representation and attempted to rescind his comments from the previous day.

Kimsey is in violation of his probation conditions by lying to his probation officer. Specifically, the offender lied by reporting to this officer that his wife was not at a mediation hearing on August 10, 2010. As previously reported, a local attorney observed Kimsey and his wife at this mediation hearing. The fact Kimsy lied about his wife's appearance certainly gives rise to suspicion that he was there as well. However, the attorney that initially reported seeing him there has since stated she is not confident enough to go on record as to confirm his presence.

The second issue on hand is the offender's existing employment and potential 3rd party issues. Pursuant to Foreclosure Mediation Rule 5(8)(b), as adopted by the Supreme Court of The State of Nevada , "A borrower may also request that a representative accompany him or her and/or appear for him or her at the mediation. However, the borrower's representative must be either (i) an attorney who is licensed to practice law in Nevada; (ii) a person who is licensed to provide services as described in NRS Chapter 645F.310; or (iii) a U.S. Department of Housing and Urban Development (HUD) approved housing counselor employed by HUD certified Housing Counseling Agencies. The mediator may request that the borrower's representative provide proof of these requirements". According to this rule, it is clear that Kimsey is not permitted to attend these mediation hearings as he is not a licensed attorney nor does he meet the requirement under NRS Chapter 645F.310. A representative from the State of Nevada Foreclosure Mediation Program was contacted on August 11, 2010, and advised that any person not meeting the above-stated criteria should not be permitted to attend any mediation hearing facilitated by this program.

As such, the probation office is respectfully recommending that Kimsey's conditions be modified to restrict him from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body. Kimsey's current employment puts him in a position where he is dangerously close to performing duties that require a license from the Mortgage Lending Division. As long as the offender has the knowledge, training, expertise, and medium , the likelihood of him crossing the line and engaging in what can be defined as legal practice, or such practice requiring a license is present.

The probation office is very concerned about the offender's duplicitous behavior. He blatantly lied to this officer when questioned about his wife's presence at a recent mediation hearing. Kimsey, as substantiated by his conviction in this matter, has a history of deceptive behavior and has sustained convictions for Unlawful Practice of Law, Perjury, Conspiracy to Commit Perjury, Forgery, Obtaining Money by False Pretense, Swingling, Offering False Instrument for Filing, and Embezzlement. Kimsey is not a trained or licensed attorney, and has not obtained the required licenses to be represent clients pursuing home loan modifications. The probation office has reasonable suspicion that the offender has consulted with at least one individual since being sentenced in this matter regarding the home modification process-which he is not licensed to do so.

The undersigned interviewed one client of HLMA who advised that it was Kimsey who consulted with him and prepared him for his mediation hearing. Although Kimsey never made representation that he was an attorney, this client was under the impression that Kimsey was and thought he was being represented by someone who was licensed/qualified to do so. It should be noted this occurred prior to sentencing in this matter. It seems unlikely Kimsey will refrain from consulting with clients of HLMA regarding foreclosure and mediation proceedings if given the opportunity do so.

The rules and regulations adopted by The Nevada State Supreme Court regarding the Foreclosure Home Mediation Program are in place to safeguard homeowners going through foreclosure proceedings by ensuring they have adequate representation from those who have demonstrated and proven their ability to understand and interpret the law with regard to these proceedings. The offender has not met these standards and does not have the authority to represent clients seeking loan modifications. The potential to harm clients he is accompanying at these meetings, or counseling about this process, is very concerning to our office. It is hopeful the proposed modification to Kimsey's probation will be sufficient to impress upon him the importance of operating within the regulations and laws governing the line of work he is involved in. Should he not, this condition will hold him accountable to this Court.

The final matter which we want to address with the Court is in regard to allegations that Kimsely made threats to Ms. Helene Lester, a local attorney who represents lenders at these home foreclosure mediation hearings. As the Court is fully aware, Ms. Lester reported to our office that Kimsey made threats to her at a recent mediation hearing wherein he told her that he knew where she worked and where she lived. Ms. Lester took this as a threat to keep her from testifying in this case. At rendition of sentence, Your Honor requested all parties get together at conclusion of the sentencing hearing in attempt to come to some agreeable language regarding a no contact clause. Defense counsel was concerned that our standard no contact clause would be too restrictive in that it would prevent him from attending foreclosure mediation hearings since Ms. Lester potentially could be there.

As previously stated, on September 14, 2010, Kimsey, accompanied with Ms. Forsman, Federal Public Defender, met with the undersigned officer and Supervising United States Probation Officer Michael Severance. At this meeting the requested modifications were discussed with the offender. Ms. Forsman

requested additional time to review the proposed modifications and perhaps modify them to the satisfaction of both parties. The proposed modifications have been agreed upon by Kimsey, the Federal Public Defender, and our office. As such, we are recommending that Kimsey's conditions be modified as specified in the attached Waiver.

Respectfully submitted,

TODD J. FREDLUND
Senior United States Probation Officer

APPROVED:/s/ mps

## THE COURT ORDERS:

_____ No action

_____ The extension of supervision as noted above

__X__ The modification of conditions as noted above

_____ Other

Signature of Judicial Officer

November 24, 2010

Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## District of Nevada

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. You shall be restricted from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body or unless the appropriate governing/regulatory body allows such service to be performed by an unlicensed person if performed under the direct supervision of a person or entity that is licensed by the appropriate/regulatory body. This condition does not prohibit you from acting on your own behalf in personal matters, pursuing or cooperating in your appeal in this matter, or from seeking judicial intervention or protection if appropriate circumstances arise.

2. Understanding that mutual issues are present, you shall not initiate contact directly or indirectly with one Helene Lester. Should such contact be unavoidable and should such contact occur, whether initiated by her or by you, you shall notify the probation officer within 24 hours. This condition does not prohibit you from seeking judicial intervention or protection if appropriate circumstances arise.

Witness _____  Signed _____
    U.S. Probation Officer                       Probationer or Supervised Releasee

October 12, 2010
Date