Prob12B
D/NV Form
Rev. Mar. 2007

# United States District Court

for

## the District of Nevada



### REQUEST FOR MODIFICATION
### TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER
*Probation Form 49 (Waiver of Hearing) is Attached*
### December 9, 2010

**Name of Offender:**   __JAMES KIMSEY__

Case Number:   __2:08-cv-635-PMP-GWF__

Name of Sentencing Judicial Officer:   __Honorable Philip M. Pro__

Date of Original Sentence:   __August 6, 2010__

Original Offense:   __Criminal Contempt__

Original Sentence:   __3 years probation__

Date Supervision Commenced:   __August 6, 2010__

Date Jurisdiction Transferred to District of Nevada:   __N/A__

Name of Assigned Judicial Officer:   __Philip M. Pro__

### PETITIONING THE COURT

__ To extend the term of supervision _____ Months, for a total term of _____ Months.

_✓_ To modify the conditions of supervision as follows:

1. You shall be restricted from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body or unless the appropriate governing/regulatory body allows such service to be performed by an unlicensed person if performed under the direct supervision of a person or entity that is licensed by the appropriate/regulatory body. This condition does not prohibit you from acting on your own behalf in personal matters, pursuing or cooperating in your appeal in this matter, or from seeking judicial intervention or protection if appropriate circumstances arise.

Prob12B
DNV Form
Rev. Mar. 2007

**RE: JAMES KIMSEY**

2   Understanding that mutual issues are present, you shall not intentionally initiate contact directly or indirectly with one Helene Lester. Should such contact be unavoidable and should such contact occur, whether initiated by her or by you, you shall notify the probation officer within 24 hours. This condition does not prohibit you from seeking judicial intervention or protection if appropriate circumstances arise.

---

## CAUSE

As the Court may recall, at the time of sentencing, Kimsey was employed by his wife's consulting firm, AM Consulting Group. Kimsey's wife, via her consulting firm, served as corporate counsel for Home Loan Modifications of America (HLMA). Home Loan Modifications is a company that helps home owners facing foreclosure negotiate with lenders to restructure their mortgage to stave off foreclosure proceedings. Kimsey explained to the presentence investigator that he assisted his wife with client contacts and legal research. Since being sentenced in this matter, Kimsey reports that his duties have shifted away as he no longer has contact with clients of HLMA and primarily serves HLMA directly as its compliance officer. Kimsey acknowledges that he is prohibited from giving legal advice to clients regarding the foreclosure mediation process as he is not licensed to do so.

Kimsey's existing employment puts him in a position where the restriction from engaging in the practice of law could potentially be crossed. Thus, we are seeking additional language to his conditions to clarify what he can or can not do in his current position with HLMA.

As such, the probation office is respectfully recommending that Kimsey's conditions be modified to restrict him from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body. Please reference the attached Waiver for the full content of the proposed condition.

The second issue which we want to address with the Court is modifying Kimsey's conditions to include no contact clause with a Helene Lester, a local attorney who represents lenders at home foreclosure mediation hearings. At rendition of sentence, Your Honor requested all parties get together at conclusion of the sentencing hearing in attempt to come to some agreeable language regarding a no contact clause. Defense counsel was concerned that mutual issues were present because of potential conduct by Ms. Lester and that our standard no contact clause would be too restrictive in that it would prevent him from attending foreclosure mediation hearings since Ms. Lester potentially could be there.

On September 14, 2010, Kimsey, accompanied with Ms. Forsman, Federal Public Defender, met with the undersigned officer and Supervising United States Probation Officer Michael Severance. At this meeting the requested modifications were discussed with Kimsey. Ms. Forsman requested additional time to review the proposed modifications and perhaps modify them to the satisfaction of both parties. The proposed modifications have been agreed upon by Kimsey, the Federal Public Defender, and our office. As such, we are recommending that Kimsey's conditions be modified as specified in the attached Waiver.

Respectfully submitted,

TODD J. FREDLUND
Senior United States Probation Officer

APPROVED:/s/ mps

===============================================================================
## THE COURT ORDERS:

_____ No action

_____ The extension of supervision as noted above

\_\_XX\_\_ The modification of conditions as noted above

_____ Other

Signature of Judicial Officer

December 13, 2010

Date

PROB 49
(3 89)

# UNITED STATES DISTRICT COURT

## District of Nevada

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. You shall be restricted from performing a legal or similar service requiring a license unless licensed to do so by the appropriate governing/regulatory body or unless the appropriate governing/regulatory body allows such service to be performed by an unlicensed person if performed under the direct supervision of a person or entity that is licensed by the appropriate/regulatory body. This condition does not prohibit you from acting on your own behalf in personal matters, pursuing or cooperating in your appeal in this matter, or from seeking judicial intervention or protection if appropriate circumstances arise.

2. Understanding that mutual issues are present, you shall not initiate contact directly or indirectly with one Helene Lester. Should such contact be unavoidable and should such contact occur, whether initiated by her or by you, you shall notify the probation officer within 24 hours. This condition does not prohibit you from seeking judicial intervention or protection if appropriate circumstances arise.

Witness _____   Signed _____
U.S. Probation Officer                        Probationer or Supervised Releasee

October 12, 2010
Date