UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRK and AMY HENRY,<br><br>                    Plaintiffs,<br><br>vs.<br><br>FREDRICK RIZZOLO aka<br>RICK RIZZOLO, an individual,<br>LISA RIZZOLO, an individual,<br>THE RICK AND LISA RIZZOLO<br>FAMILY TRUST,<br><br>                    Defendants. | 2:08-CV-00635-PMP-GWF<br><br>**<u>ORDER</u>** |

Presently before the Court is Plaintiffs' Motion for Voluntary Dismissal of the First and Second Causes of Action Under Fed. R. Civ. P. 41(a)(2) (Doc. #455), filed on September 7, 2010. Defendants Lisa Rizzolo, the Lisa Rizzolo Separate Property Trust, and the LMR Trust ("Lisa Rizzolo") filed an Opposition (Doc. #466) on September 24, 2010. Plaintiffs filed a Reply (Doc. #479), filed on October 4, 2010.

Also before the Court is Defendant Lisa Rizzolo's Objections to the Magistrate Judge's Order (#480) (Doc. #483), filed on October 18, 2010. Plaintiffs Kirk and Amy Henry filed a Response (Doc. #496) on November 1, 2010.

Plaintiffs Kirk and Amy Henry ("the Henrys") allege that Defendant Rick Rizzolo owned and operated a strip club, the Crazy Horse Too, through a closely held corporation. (Compl. [Doc. #1] at 2-3.) The Henrys allege Rick and Lisa Rizzolo operated, or acquiesced in the operation of, the Crazy Horse Too in a criminal manner such that the Crazy Horse Too was a racketeering enterprise. (Id. at 3.) According to the Henrys, as a result of the criminal operation of the Crazy Horse Too, Kirk Henry was attacked at the club and rendered a quadriplegic. (Id.) Following Kirk Henry's injury, the Henrys sued Rick Rizzolo in 2001. (Id.)

The Henrys allege that based on this personal injury lawsuit, in which Rick Rizzolo faced liability in excess of ten million dollars, Defendants Rick and Lisa Rizzolo thereafter engaged in a concerted effort to conceal assets to avoid paying the Henrys. (Id.) Specifically, the Henrys contend Defendants formed a family trust and transferred assets into the trust to hide and shield assets, and Defendants engaged in a series of transactions, including an allegedly collusive divorce, in which Lisa Rizzolo obtained all assets of value while Rick Rizzolo acquired only the Crazy Horse Too, which Defendants knew or expected would be forfeited due to criminal activity at the club. (Id. at 3-4.) Plaintiffs also contend Defendants engaged in other transactions, such as loans, gambling debts, and other third party transactions, all of which were designed to conceal assets from the Henrys. (Id. Based on these allegations, Plaintiffs brought this action against Defendants Lisa and Rick Rizzolo and the Rick and Lisa Rizzolo Family Trust ("Trust"), asserting claims for conspiracy to defraud (count one), common law fraud (count two), and violation of the Nevada Uniform Fraudulent Transfer Act ("NUFTA"). Plaintiffs later amended the Complaint to add as Defendants several other trusts owned or controlled by Lisa and/or Rick Rizzolo. (Second Am. Compl. [Doc. #200].)

During discovery, Defendant Lisa Rizzolo brought a motion to compel Plaintiffs to answer certain interrogatories directed at Plaintiffs' fraud allegations, particularly with

2

respect to the Henrys' knowledge and due diligence regarding Lisa and Rick Rizzolo's assets, divorce, and transfers of assets at the time Plaintiffs entered into a settlement agreement with Defendant Rick Rizzolo with respect to the personal injury lawsuit. (Def. Lisa Rizzolo's Am. Mot. to Compel Answers & Responses to Def.'s First Set of Interrog. & Request for Prod. [Doc. #401].) Plaintiffs responded that this information was irrelevant because Plaintiffs were not relying on a specific misrepresentation by either Lisa or Rick Rizzolo as the basis for their fraud claims. (Pls.' Opp'n to Def. Lisa Rizzolo's Am. Mot. to Compel [Doc. #419].) Rather, they were relying on the covenant of good faith and fair dealing in the settlement agreement, and Plaintiffs conceded they were aware of Defendants' sham divorce, thus any further discovery on these issues was irrelevant. (Id.)

In ruling on this motion, the Magistrate Judge expressed doubt regarding the viability of fraud claims based on no affirmative representations, and particularly with respect to Lisa Rizzolo, who was not a party to the underlying lawsuit or the settlement agreement with the Henrys. (Order [Doc. #449] at 5.) However, the Magistrate Judge ruled that to the extent the fraud claims were viable, Lisa Rizzolo was entitled to conduct discovery regarding the circumstances surrounding the settlement agreement's execution, including Plaintiffs' knowledge about asset transfers prior to executing the settlement agreement. (Id.)

The Henrys now move to voluntarily dismiss their conspiracy to defraud and common law fraud claims. (Pls.' Mot. for Voluntary Dismissal of the First & Second Causes of Action Under Fed. R. Civ. P. 41(a)(2) [Doc. #455].) Lisa Rizzolo does not oppose the motion for voluntary dismissal of the two claims, but Lisa Rizzolo notes that the Henrys do not purport to dismiss the general allegations supporting those two claims. Lisa Rizzolo thus requests the Court "identify the general allegations for purposes of clarification" so that Lisa Rizzolo will know which allegations she must defend against at trial. (Resp. to Pls.' Mot. for Voluntary Dismissal of the First & Second Causes of Action

3

1  Under Fed. R. Civ. P. 41(a)(2) [Doc. #466] at 3.)  Defendant Rick Rizzolo likewise does
2  not oppose dismissal of the claims, but does oppose retention of the general allegations.
3  (Def. Rick Rizzolo's Qualified Opp'n to Pls.' Mot. for Voluntary Dismissal of the First &
4  Second Causes of Action Under Fed. R. Civ. P. 41(a)(2) [Doc. #468].)  In reply, the Henrys
5  clarified that paragraphs 1-30 and 30-33 and the prayer for relief are the allegations which
6  should remain following their voluntary dismissal.  (Pls.' Reply in Support of Mot. for
7  Voluntary Dismissal of the First & Second Causes of Action Under Fed. R. Civ. P. 41(a)(2)
8  [Doc. #479].)
9          At the same time the Henrys moved to voluntarily dismiss their first two claims,
10 they simultaneously requested the Magistrate Judge reconsider his order compelling the
11 Henrys' response to certain interrogatories, arguing that because the Henrys were
12 voluntarily dismissing the fraud claims, the requested discovery no longer was relevant.
13 (Pls.' Mot. for Recons. of Order (#449) on Def. Lisa Rizzolo's Am. Mot. to Compl. [Doc.
14 #456].)  Lisa Rizzolo opposed the motion for reconsideration, arguing that because the
15 Henrys did not seek to dismiss the general allegations, those allegations remained relevant,
16 particularly where intent to defraud remains an issue in the NUFTA claim.  (Def. Lisa
17 Rizzolo's Opp'n to Pls.' Mot. for Recons. of Order (#449) on Def. Lisa Rizzolo's Am. Mot.
18 to Compel (#401) [Doc. #467].)  Lisa Rizzolo thus requested the Court condition any
19 dismissal on production of the requested discovery materials.
20         The Magistrate Judge granted Plaintiffs' motion for reconsideration of the
21 Magistrate Judge's prior Order on Lisa Rizzolo's motion to compel.  (Order [Doc. #480].)
22 The Magistrate Judge anticipated the undersigned would grant the Henrys' motion for
23 voluntary dismissal, as the motion is unopposed.  (Id. at 2.)  The Magistrate Judge also
24 noted that because there is no requirement under the NUFTA that the plaintiff prove he was
25 deceived or relied upon the defendant's misrepresentation, the discovery into the parties'
26 settlement negotiations or Plaintiffs' reliance on the implied covenant of good faith and fair

dealing therein became irrelevant. (Id.) The Magistrate Judge therefore ruled that the Henrys need not respond to the disputed discovery requests. (Id. at 2-3.)

Lisa Rizzolo now objects to the Magistrate Judge's Order granting reconsideration and relieving Plaintiffs of the obligation of responding to the discovery requests. Lisa Rizzolo argues that because the Henrys seek to dismiss the two causes of action, but want to retain the general allegations contained therein, the factual circumstances surrounding the settlement agreement remain relevant for discovery purposes. Lisa Rizzolo argues the requested materials are relevant to whether the Henrys are contingent creditors under the settlement agreement; whether Defendants acted with actual intent to hinder, delay, or defraud the Henrys; and whether it was foreseeable that the sale of the Crazy Horse Too would not generate sufficient proceeds to pay off the Henrys.

Plaintiffs respond that the question of whether Plaintiffs are contingent creditors already has been resolved by this Court, and thus does not remain a question in this case. Plaintiffs also argue that they concede that everyone thought the sale of the Crazy Horse Too would satisfy Rick Rizzolo's obligations to the Henrys, and thus foreseeability no longer is an issue in this case either. Finally, the Henrys argue that nothing about their discussions with counsel are relevant to Lisa Rizzolo's own knowledge and intent.

No party objects to the voluntary dismissal of Plaintiffs' conspiracy to defraud and common law fraud claims, and Plaintiffs have clarified what general allegations continue to support their remaining NUFTA claim. The Court therefore will grant Plaintiffs' motion for voluntary dismissal of counts one and two of the Second Amended Complaint.

That leads to Defendant Lisa Rizzolo's objection to the Magistrate Judge's Order which relieved Plaintiffs of the obligation of responding to Lisa Rizzolo's requested discovery surrounding the circumstances of the parties entering the settlement agreement, and Plaintiffs' knowledge or reliance. Magistrate judges statutorily are authorized to

1  resolve non-dispositive pretrial matters subject to review by district judges under a clearly
2  erroneous or contrary to law standard.  28 U.S.C. § 636(b)(1)(A); <u>United States v.</u>
3  <u>Rivera-Guerrero</u>, 377 F.3d 1064, 1068 (9th Cir. 2004).  The determination of whether
4  certain materials are relevant for discovery purposes is non-dispositive of any claim or
5  defense at issue in this action.  The Court therefore will review the Magistrate Judge's
6  Order under the clearly erroneous or contrary to law standard.
7        The Magistrate Judge's Order granting reconsideration and relieving Plaintiffs of
8  the obligation to turn over the requested discovery materials was not clearly erroneous or
9  contrary to law.  The requested discovery material was not relevant once Plaintiffs
10 voluntarily dismissed their fraud claims, as the issue of Plaintiffs' reasonable reliance
11 became irrelevant to the remaining cause of action.  Under NUFTA, Plaintiffs need not
12 establish they reasonably relied on any representation by Defendants, as NUFTA does not
13 require reasonable reliance as an element.  The only questions will be whether Defendants
14 made certain transfers, and if so, whether they did so with the actual intent to hinder, delay,
15 or defraud the Henrys.  Nev. Rev. Stat. § 112.180(1)(a).  None of the requested discovery
16 material would bear on either of these questions.  The question of whether the Henrys are
17 contingent creditors under the settlement agreement already has been determined.  (Order
18 [Doc. #117].)  Lisa Rizzolo has not explained how the Henrys' discussions with their own
19 counsel or with other third parties would be relevant to determining whether Defendants
20 acted with actual intent to hinder, delay, or defraud the Henrys.  Finally, the Henrys have
21 conceded that at the time they entered into the settlement agreement, everyone thought the
22 sale of the Crazy Horse Too would satisfy Rick Rizzolo's obligations to the Henrys, and
23 thus foreseeability at the time the parties entered into the settlement agreement no longer is
24 an issue.  The Court therefore will deny Lisa Rizzolo's objections to the Magistrate Judge's
25 Order.
26 ///

1    IT IS THEREFORE ORDERED that Plaintiffs' Motion for Voluntary Dismissal
2 of the First and Second Causes of Action Under Fed. R. Civ. P. 41(a)(2) (Doc. #455) is
3 hereby GRANTED.  Counts one and two of Plaintiffs' Second Amended Complaint (Doc.
4 #200) are hereby dismissed as to all Defendants.
5    IT IS FURTHER ORDERED that Defendant Lisa Rizzolo's Objections to the
6 Magistrate Judge's Order (#480) (Doc. #483) are hereby OVERRULED and the Magistrate
7 Judge's Order (Doc. #480) is hereby AFFIRMED.

9 DATED: July 19, 2011

_____
PHILIP M. PRO
United States District Judge

7