# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRK and AMY HENRY, | ) |
| | ) 2:08-CV-00635-PMP-GWF |
| Plaintiffs, | ) |
| | ) **ORDER** |
| vs. | ) |
| FREDRICK RIZZOLO aka RICK RIZZOLO, an individual, LISA RIZZOLO, an individual, THE RICK AND LISA RIZZOLO FAMILY TRUST, | ) |
| Defendants. | ) |

Presently before the Court is Defendant Lisa Rizzolo, the Lisa Rizzolo Separate Property Trust, and the LMR Trust's ("Lisa Rizzolo") Renewed Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (Doc. #474), filed on September 30, 2010. Defendants Rick Rizzolo, the Rick and Lisa Rizzolo Family Trust, the Rick J. Rizzolo Separate Property Trust, and the RLR Trust ("Rick Rizzolo"), filed a Joinder to this motion (Doc. #475) on September 30, 2010. Plaintiffs Kirk and Amy Henry ("the Henrys") filed an Opposition (Doc. #484) on October 18, 2010. Defendant Lisa Rizzolo filed a Reply (Doc. #490) on October 28, 2010. Defendant Rick Rizzolo filed a Joinder to the Reply (Doc. #494) on October 29, 2010.

## I. BACKGROUND

Plaintiffs Kirk and Amy Henry ("the Henrys") allege that Defendant Rick Rizzolo owned and operated a strip club, the Crazy Horse Too, through a closely held corporation. (Compl. [Doc. #1] at 2-3.) The Henrys allege Rick and Lisa Rizzolo operated, or acquiesced in the operation of, the Crazy Horse Too in a criminal manner such that the Crazy Horse Too was a racketeering enterprise. (Id. at 3.) According to the Henrys, as a result of the criminal operation of the Crazy Horse Too, Kirk Henry was attacked at the club and rendered a quadriplegic. (Id.) Following Kirk Henry's injury, the Henrys sued Rick Rizzolo in 2001. (Id.)

The Henrys allege that based on this personal injury lawsuit, in which Rick Rizzolo faced liability in excess of ten million dollars, Defendants Rick and Lisa Rizzolo thereafter engaged in a concerted effort to conceal assets to avoid paying the Henrys. (Id.) Specifically, the Henrys contend Defendants formed a family trust and transferred assets into the trust to hide and shield assets, and Defendants engaged in a series of transactions, including an allegedly collusive divorce, in which Lisa Rizzolo obtained all assets of value while Rick Rizzolo acquired only the Crazy Horse Too, which Defendants knew or expected would be forfeited due to criminal activity at the club. (Id. at 3-4.) Plaintiffs also contend Defendants engaged in other transactions, such as loans, gambling debts, and other third party transactions, all of which were designed to conceal assets from the Henrys. (Id. Based on these allegations, Plaintiffs brought this action against Defendants Lisa and Rick Rizzolo and the Rick and Lisa Rizzolo Family Trust ("Trust"), asserting claims for conspiracy to defraud (count one), common law fraud (count two), and violation of the Nevada Uniform Fraudulent Transfer Act ("NUFTA"). Plaintiffs later amended the Complaint to add as Defendants several other trusts owned or controlled by Lisa and/or Rick Rizzolo. (Second Am. Compl. [Doc. #200].)

///

Defendants now renew their motion to dismiss for failure to join indispensable parties.[1] Defendants argue that because Plaintiffs have alleged Defendants conspired with unnamed attorneys and accountants, Plaintiffs were required to join those attorneys and accountants as indispensable parties once they discovered the identities of those individuals. Defendants also argue that because the attorneys and accountants received funds from Defendants, they are transferees of funds from the alleged asset-concealment scheme, and thus are necessary and indispensable parties to the extent any such transfers would be undone to satisfy the obligations owed to the Henrys. Finally, Defendants argue Plaintiffs have failed to join the trustees of each of the Defendant trusts, and the trustees as legal owners of the trust property are necessary and indispensable parties.

The Henrys respond that this Court already has rejected Defendants' argument that their claims should be dismissed for failure to join indispensable parties. The Henrys also contend that the attorneys and accountants are not necessary parties because the Henrys have voluntarily dismissed the conspiracy claim, and the attorneys and accountants are not transferees under the NUFTA because they merely facilitated fraudulent transfers between Lisa and Rick Rizzolo. As to the trustees of the trusts, the Henrys argue that only the trust itself, not the trustee, need be named as a party. The Henrys further contend that even if the trustees are necessary parties, they are not indispensable because Lisa and Rick Rizzolo adequately represent the trusts' interests, and the Court can afford complete relief as it can compel Lisa and Rick Rizzolo, as owners and beneficiaries of the trusts, to repatriate assets to the United States.

///
///

---

[1] Defendant Lisa Rizzolo previously moved to dismiss on this same basis. (Mot. to Dismiss for Failure to Join a Necessary & Indispensable Party (Doc. #216).) The Court denied the motion, stating the motion was "premature because the deadline for filing amended pleadings and adding parties" had not yet expired. (Order (Doc. #238).)

3

...

...

## II. DISCUSSION

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, and (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). If the Court finds an absent party is "required" under either of these tests, the Court then determines whether joinder is feasible. In re County of Orange, 262 F.3d 1014, 1022 (9th Cir. 2001). Joinder is feasible if the person is subject to service of process and his joinder will not deprive the Court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1).

If joinder of the necessary party is feasible, then the party will be joined and the action will proceed. If joinder is not feasible, then the Court must determine whether, in "equity and good conscience," the party is "indispensable" under Rule 19(b) such that the action should not proceed without that party. Fed. R. Civ. P. 19(b). In making this determination, the Court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Id. This list is not exhaustive, and the Court can consider other factors, such as the "interests of the courts and the public in complete, consistent, and efficient settlement of controversies." Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v.

4

1  City of Los Angeles, 637 F.3d 993, 1000 (9th Cir. 2011).

2  Impairment of the absent party's interest "may be minimized if the absent party is
3  adequately represented in the suit." Shermoen v. United States, 982 F.2d 1312, 1318 (9th
4  Cir. 1992) (quotation omitted). To determine whether an existing party adequately
5  represents an absent party, the court considers whether: (1) the existing party's interests in
6  the suit are such that it "undoubtedly" will make all of the absent party's arguments; (2) the
7  existing party is "capable of and willing to make such arguments"; and (3) "the absent party
8  would offer any necessary element to the proceedings that the present parties would
9  neglect." Id. (quotations omitted).

10  The Rule 19 inquiry "is a practical one and fact specific, and is designed to avoid
11  the harsh results of rigid application.'" Clinton v. Babbitt, 180 F.3d 1081, 1088 (9th Cir.
12  1999) (quoting Shermoen, 982 F.2d at 1317). The party moving to dismiss bears the burden
13  of persuading the Court that dismissal is warranted. Id. Whether to dismiss lies within the
14  Court's discretion. Shermoen, 982 F.2d at 1317.

15  **A. Unnamed Attorneys and Accountants**

16  The unnamed attorneys and accountants who allegedly conspired with
17  Defendants are not necessary parties. With respect to the conspiracy claim, the Court has
18  granted Plaintiffs' motion to voluntarily dismiss that claim. Moreover, "[i]t has long been
19  the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single
20  lawsuit." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990); William Inglis & Sons
21  Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1053 (9th Cir. 1981)
22  (stating a plaintiff is not required to name or sue all co-conspirators who are jointly and
23  severally liable for all damages caused by the conspiracy). Consequently, Plaintiffs never
24  were required to name and join the attorneys and accountants as alleged co-conspirators.
25  ///
26  ///

As to the NUFTA claim, Plaintiffs need not name the attorneys or accountants so long as Plaintiffs do not seek to undo a transfer to those individuals. Plaintiffs indicate that they do not seek to undo transfers to the attorneys or accountants for their services, nor do they seek relief against the attorneys and accountants for their alleged role in facilitating fraudulent transfers between Rick and Lisa Rizzolo.

To the extent the attorneys and accountants were conduits through whom fraudulent transfers occurred, they still are not necessary parties. Under the NUFTA, a plaintiff may void a transfer against any transferee made with the actual intent to hinder, delay, or defraud a creditor, unless the transferee took in good faith and for reasonably equivalent value. Nev. Rev. Stat. §§ 112.180(1)(a), 112.220. As Plaintiffs allege Defendants Lisa and Rick Rizzolo orchestrated various fraudulent transfers between themselves, the fact that they may have used the services of attorneys and accountants to facilitate those transfers does not make the attorneys and accountants necessary parties where Plaintiffs seek no relief from these persons who acted as Defendants' agents or were mere conduits for the transfers. See In re Dominion Corp., 199 B.R. 410, 413 (B.A.P. 9th Cir. 1996) (holding, in bankruptcy context, that mere conduit acting as facilitator to transfer is not a transferee because it does not exercise dominion or control over the funds passing through its hands); Herup v. First Boston Fin., LLC, 162 P.3d 870, 874 n.15 (Nev. 2007) (stating that fraudulent conveyance cases under the bankruptcy code are "instructive" on issues relating to NUFTA because "the underlying policy of both the UFTA and the Bankruptcy Code is to preserve a debtor's assets for the benefit of creditors," and because of the similarity of the language in UFTA and relevant portions of the bankruptcy code). The Court therefore will deny the motion to dismiss based on the failure to join the attorneys and accountants, as these parties are neither necessary nor indispensable.

///

///

### B. Trustees of Defendants' Trusts

Plaintiffs name as Defendants five trusts: (1) The Rick and Lisa Rizzolo Family Trust, (2) the Rick J. Rizzolo Separate Property Trust, (3) the Lisa M. Rizzolo Separate Property Trust, (4) the RLR Trust, and (5) the LMR Trust. Assuming without deciding that the trustees are necessary parties under Rule 19(a), the Court is unable to determine if joinder is feasible as to any trustee. Defendants' motion provides no information regarding who the trustees are for these trusts and whether joinder is feasible as to any or all trustees. The only information Defendants provide is to indicate that one trustee is located in the Cook Islands, but Defendants do not even identify which trust has a trustee in the Cook Islands, much less present evidence to that effect. Defendants suggest that joinder would not be feasible as to this trustee but provide no evidence or argument in support. As the Court is unable to determine whether joinder is feasible as to any absent party even if they are necessary, the Court will deny the motion.

Moreover, the Court concludes that to the extent any trust has a Cook Islands trustee, that trustee is not indispensable. Judgment in the trustees' absence might prejudice the trustees in the sense that the trustees presumably have powers to exercise over trust assets, although Defendants have not provided the Court with the trust documents in support of this motion to verify that fact, and the Court will not search the record for the trust documents. However, Defendants do not dispute Plaintiffs' assertion that Defendants Rick and Lisa Rizzolo ultimately exercise control over the trust assets. The impairment to the trustees' interests therefore are minimized, as Lisa and Rick Rizzolo adequately will represent the absent trustees. Lisa and Rick Rizzolo's interests in this action are such that they undoubtedly will make all of the absent trustees' arguments, as they have equal if not greater interest in protecting the trust corpus than the trustees. Lisa and Rick Rizzolo each

///

///

are represented by counsel, and the same counsel also represent the named trusts.[2] Thus, the existing parties are willing to and capable of making the trustees' arguments. Finally, Defendants point to no necessary element the trustees would bring to the proceedings that Rick and Lisa Rizzolo would neglect. Indeed, Defendants fail to make any indispensability argument under the relevant Rule 19(b) factors, simply stating that the trustees are indispensable without any elaboration.

As to the other Rule 19(b) factors, a judgment rendered in the trustees' absence would be adequate because the Court has personal jurisdiction over Lisa and Rick Rizzolo, and the Court could order them to direct the trustees to take appropriate action should Plaintiffs prevail. Defendants have not suggested Plaintiffs have an alternative adequate remedy if the Court dismissed this action for nonjoinder. Further, the courts and the public have an interest in the complete, consistent, and efficient settlement of controversies, which would be frustrated if a defendant could defeat a fraudulent joinder action by moving fraudulently conveyed assets to an offshore trust administered by a trustee not subject to jurisdiction in United States courts, and then claim that failure to join the trustee mandates dismissal under Rule 19. See Nastro v. D'Onofrio, 263 F. Supp. 2d 446, 455-56 (D. Conn. 2003) (holding trustee of foreign asset protection trust was not an indispensable party where trust beneficiaries were parties to the action and adequately would represent the absent trustee's interests). Such a result would not comport with Rule 19's direction that the Court consider whether in equity and good conscious the matter ought to proceed in the non-joined party's absence.

In sum, Defendants have not met their burden of persuading the Court that dismissal is warranted. The Court, in its discretion, therefore will deny Defendants' motion to dismiss for failure to join indispensable parties.

---

[2] Notice of Appearance (Doc. #213); Acceptance of Service of Second Am. Compl. & Summons Issued to the Lisa M. Rizzolo Separate Property Trust & the LMR Trust (Doc. #220); Notice of Association of Counsel (Doc. #415).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Lisa Rizzolo, the Lisa Rizzolo Separate Property Trust, and the LMR Trust's ("Lisa Rizzolo") Renewed Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (Doc. #474) is hereby DENIED.

DATED: July 21, 2011

_____
PHILIP M. PRO
United States District Judge