**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KIRK and AMY HENRY, | 2:08-CV-00635-PMP-GWF |
| Plaintiffs, | **<u>ORDER</u>** |
| vs. | |
| FREDRICK RIZZOLO aka RICK RIZZOLO, an individual, LISA RIZZOLO, an individual, THE RICK AND LISA RIZZOLO FAMILY TRUST, | |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint and Reopen Discovery (Doc. #518), filed on June 6, 2011. Defendants Rick Rizzolo, the Rick and Lisa Rizzolo Family Trust, the Rick J. Rizzolo Separate Property Trust, and the RLR Trust ("Rick Rizzolo") filed an Opposition (Doc. #526) on June 22, 2011. Defendants Lisa Rizzolo, the Lisa M. Rizzolo Separate Property Trust, and the LMR Trust ("Lisa Rizzolo") filed an Opposition (Doc. #528) on June 23, 2011. Plaintiffs filed a Reply (Doc. #530) on July 5, 2011.

The parties are familiar with the facts in this case and the Court will not repeat them here except where necessary. Plaintiffs Kirk and Amy Henry move to amend the Second Amended Complaint and to reopen discovery. Specifically, Plaintiffs contend they only recently learned of Defendant Rick Rizzolo's diversion of $789,000 from an additional $2 million Rick Rizzolo is due from the sale of the Philadelphia club to Rick Rizzolo's father, Bart Rizzolo, and subsequently to Bart Rizzolo's widow, Kimtran Rizzolo. Plaintiffs thus seek to add Kimtran Rizzolo as a defendant in this matter, as a recipient of fraudulently transferred funds both directly and as administratrix of Bart Rizzolo's estate. Plaintiffs also seek to reopen discovery in relation to this transfer.

Defendant Rick Rizzolo opposes the motion to amend, arguing that Plaintiffs knew about the additional $2 million long ago, and Plaintiffs should have amended earlier. Rick Rizzolo contends he will be prejudiced by amendment and reopening of discovery because that will delay trial in this matter. Rick Rizzolo contends Plaintiffs will not be prejudiced because they can bring suit against Kimtran Rizzolo separately.

Defendant Lisa Rizzolo denies that she failed to disclose any information in discovery, but does not directly oppose amendment. Rather, she contends that if Plaintiffs are permitted to amend and reopen discovery, that the discovery be limited only to deposing Vincent Piazza ("Piazza") and Kimtran Rizzolo and propounding discovery requests concerning the transfer of funds from the Philadelphia sale to Kimtran Rizzolo. Lisa Rizzolo also requests that she be given similar opportunities for discovery, and that she be given a new deadline to file dispositive motions directed at the proposed Third Amended Complaint.

Generally, a plaintiff may amend his or her complaint once "as a matter of course" within 21 days of serving it, or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The

1  court should freely give leave when justice so requires." Id.; see also Foman v. Davis, 371
2  U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when
3  justice so requires'; this mandate is to be heeded."). Courts consider five factors to assess
4  whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the
5  opposing party, (4) futility of amendment, and (5) whether the plaintiff previously has
6  amended his complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
7  1047, 1058 (9th Cir. 2011). Whether to grant leave to amend lies within the district court's
8  discretion. Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

9        There is no suggestion of bad faith or that amendment would be futile. Although
10 Plaintiffs previously amended their Complaint, the present request for amendment is based
11 on newly discovered facts. Therefore, the central questions are whether Plaintiffs unduly
12 delayed requesting leave to amend, and whether amendment will prejudice Defendants.
13 Based on the evidence presented to the Court on this motion, the Court finds no undue
14 delay. Plaintiffs were aware as of August 2010 that another $2 million was due on the sale
15 of the Philadelphia club. However, it appears from the deposition excerpt presented to the
16 Court that Rick Rizzolo denied that he transferred any of these funds:

> Q: Okay. So does this – withdraw. So it appears that, contrary to your earlier testimony, there was an expectation here that there were to be future payments that would be made pursuant to that sale of your interest in the Philadelphia club land that would have begun in February of '09; correct?
>
> MR. GENTILE: Objection to the form of the question, only the first part.
>
> THE WITNESS: I didn't say there wasn't any expectation.
>
> Q: You didn't?
>
> A: And then you said did I give any of the money. I didn't.

25 (Pl.'s Mot. to Am. Compl. (Doc. #518), Ex. 13 at 295-96.) Plaintiffs' prior motion to
26 extend the discovery deadline in October 2010 suggests they were not aware that Rick

3

Rizzolo had transferred funds from the $2 million to Bart Rizzolo. (Pls.' Mot. to Extend Disc. Deadline (Doc. #481).) In that motion, Plaintiffs suggested that Piazza perhaps distributed the funds, that an unknown source received the funds, and/or this source of funds explained Rick Rizzolo's "ability to maintain a lavish lifestyle despite the apparent absence of income." (Id. at 6.) Plaintiffs thus requested an extension of discovery to determine whether Piazza distributed the funds, and if so, to whom those funds were distributed. (Id.)

Plaintiffs contend Defendants never produced during discovery the assignment of payments to Bart Rizzolo in April 2008, or the March 2009 Second Amendment to the Purchase of Limited Partnership Interest Agreement memorializing this assignment of proceeds from the sale of Rick Rizzolo's interest in the Philadelphia club. (Pls.' Mot. to Am. Compl., Exs. 4, 5.) Defendants present no evidence to the contrary. Rick Rizzolo produced the First Amendment to the agreement regarding the sale of Rick Rizzolo's interest in the Philadelphia club in October 2010. (Def. Rick Rizzolo's Opp'n to Mot. to Am. Compl. (Doc. #526), Ex. A.) However, that production did not include either the April 2008 assignment or the March 2009 Second Amendment. (Compare id. with Pls.' Mot. to Am. Compl., Exs. 4, 5.) Defendants present no evidence that the April 2008 assignment or the March 2009 Second Amendment were produced to Plaintiffs during discovery. The Court thus concludes that Plaintiffs have not unduly delayed amendment based on the discovery of new facts, and that justice counsels in favor of granting leave to amend.

The Court rejects Rick Rizzolo's claim of prejudice. Rick Rizzolo was not forthcoming in his discovery responses. He cannot now claim prejudice when the delay was of his own making. Lisa Rizzolo does not claim any prejudice to her so long as discovery is limited to the newly added claim.

The Court, in its discretion, therefore will grant Plaintiffs' motion to amend and to reopen discovery. Plaintiffs shall file the Third Amended Complaint within five (5) days

4

of the date of this Order.  The Court will reopen discovery for a period of forty-five (45) days from the date the newly added defendant, Kimtran Rizzolo, files her answer or first responsive document, or the period to file such responsive document has elapsed, whichever is earlier.  Discovery is reopened for all parties to conduct discovery, but only as to the new allegations surrounding the alleged fraudulent transfer of $789,000 from the sale of Rick Rizzolo's interest in the Philadelphia club to Bart Rizzolo and Kimtran Rizzolo. Dispositive motions directed at the Third Amended Complaint must be filed within twenty (20) days after the close of discovery.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint and Reopen Discovery (Doc. #518) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Kirk and Amy Henry shall file the Third Amended Complaint within five (5) days of the date of this Order.

IT IS FURTHER ORDERED that discovery is reopened for a period of forty-five (45) days from the date the newly added defendant, Kimtran Rizzolo, files her answer or first responsive document or the period to file such responsive document has elapsed, whichever is earlier.  Discovery is reopened for all parties to conduct discovery, but only as to the new allegations surrounding the alleged fraudulent transfer of $789,000 from the sale of Rick Rizzolo's interest in the Philadelphia club to Bart Rizzolo and Kimtran Rizzolo.

IT IS FURTHER ORDERED that dispositive motions directed at the Third Amended Complaint must be filed within twenty (20) days after the close of discovery.

DATED: July 28, 2011

_____
PHILIP M. PRO
United States District Judge