**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| KIRK and AMY HENRY, | ) | |
| | ) | 2:08-CV-00635-PMP-GWF |
| | ) | |
| | ) | **ORDER** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FREDRICK RIZZOLO aka | ) | |
| RICK RIZZOLO, an individual, | ) | |
| LISA RIZZOLO, an individual, | ) | |
| THE RICK AND LISA RIZZOLO | ) | |
| FAMILY TRUST, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Plaintiffs' Motion for Injunctive Relief Against the Disposition or Transfer of Assets (Doc. #519), filed on June 6, 2011. Defendants Rick Rizzolo, the Rick and Lisa Rizzolo Family Trust, the Rick J. Rizzolo Separate Property Trust, and the RLR Trust ("Rick Rizzolo") filed an Opposition (Doc. #527) on June 22, 2011. Defendants Lisa Rizzolo, the Lisa M. Rizzolo Separate Property Trust, and the LMR Trust ("Lisa Rizzolo") filed an Opposition (Doc. #529) on June 23, 2011. Plaintiffs filed a Reply (Doc. #531) on July 5, 2011.

The parties are familiar with the facts in this case and the Court will not repeat them here except where necessary. Plaintiffs move the Court to direct that proceeds from the sale of Defendant Rick Rizzolo's interest in the Philadelphia club that are being held in an account be paid over to them, and to order that future payments due to Rick Rizzolo on the sale also be paid directly to Plaintiffs. Plaintiffs also request that the Court enjoin Defendant Lisa Rizzolo from transferring or dissipating any assets without first seeking leave of the Court.

Defendant Rick Rizzolo responds that an injunction is unnecessary because he agrees that the money from the sale which is being held in an account should not be distributed to him, and instead should be used to pay his obligations to various parties, including Plaintiffs, under the plea agreement. Defendant Lisa Rizzolo contends that an injunction is not warranted because Plaintiffs have failed to show a likelihood of success on the merits, as her divorce with Rick Rizzolo was not a sham and reasonable explanations exist for the parties' post-divorce personal and financial dealings. Lisa Rizzolo also argues that since the divorce, she has conserved the assets she obtained in the divorce for the future benefit of her children. She contends she has not dissipated assets other than paying for her living expenses, and thus no injunction is needed.

A plaintiff asserting a claim under the Nevada Uniform Fraudulent Transfer Act may obtain "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property," subject to equitable principles and any applicable procedural rules. Nev. Rev. Stat. § 112.210(c)(1). "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008)). Alternatively, a plaintiff may show

there are "serious questions going to the merits," the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable harm without injunctive relief, and the injunction is in the public interest. Id. at 1132. Whether to grant or deny injunctive relief lies within the Court's discretion. Id. at 1131.

The Court, in its discretion, will deny as moot Plaintiffs' motion for injunctive relief as to Defendant Rick Rizzolo. In the related criminal proceeding, the Court already has ordered that Defendant Rick Rizzolo arrange for the payments due to him for the sale of his interest in the Philadelphia club be paid to Plaintiffs Kirk and Amy Henry, and that he take no actions, either himself or through anyone else acting on his behalf, to hinder payment of those funds to Plaintiffs. (Mins. of Proceedings (Doc. #459 in 2:CR-00186-PMP-PAL).) The Court also imposed several conditions on Rick Rizzolo in conjunction with revocation of his supervised release in the criminal action, including that he must submit truthful and complete written reports to his probation officer each month, that he shall not incur new credit charges or open additional lines of credit or consummate any new financial contracts without his probation officer's approval, that he must move to the United States the location and management of all trust accounts in which he holds an interest directly or indirectly, and that he sign all waivers necessary to allow any foreign trust in which has an interest to provide records and other information to Plaintiffs. (J. on Revocation of Probation or Supervised Release (Doc. #460 in 2:CR-00186-PMP-PAL).)

The Court, in its discretion, also will deny the requested injunctive relief as to Defendant Lisa Rizzolo. Plaintiffs have failed, at this juncture, to establish a likelihood of irreparable injury absent the requested injunctive relief. Plaintiffs have presented no evidence that Lisa Rizzolo has dissipated or is on the verge of dissipating any assets which Plaintiffs allege Rick Rizzolo fraudulently transferred to her.

However, according to Plaintiffs, Defendant Lisa Rizzolo has failed to comply with her ongoing duty to supplement her discovery responses. In particular, Plaintiffs

contend she has failed to provide Plaintiffs with any bank or other statements regarding the assets in her Cook Islands trust account since July 2010.  The Court therefore will order that, to the extent she has not already done so, Defendant Lisa Rizzolo must provide to Plaintiffs all bank or other statements regarding assets in her Cook Islands trust account through the present within twenty (20) days.  Additionally, she hereafter must supplement all of her discovery responses, to the extent a supplement is needed, on the first of every month, starting September 1, 2011.  <u>See</u> Fed. R. Civ. P. 26(e), 37(b)-(c).

        IT IS THEREFORE ORDERED that Plaintiffs' Motion for Injunctive Relief Against the Disposition or Transfer of Assets (Doc. #519) is hereby DENIED.

        IT IS FURTHER ORDERED that Defendants Lisa Rizzolo, the Lisa M. Rizzolo Separate Property Trust, and the LMR Trust must provide to Plaintiffs all bank or other statements regarding assets in the Cook Islands trust account through the present within twenty (20) days.

        IT IS FURTHER ORDERED that Defendants Lisa Rizzolo, the Lisa M. Rizzolo Separate Property Trust, and the LMR Trust must supplement all of their discovery responses, to the extent a supplement is needed, on the first of every month, starting September 1, 2011.

DATED: July 28, 2011

                                            PHILIP M. PRO
                                            United States District Judge