UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIRK AND AMY HENRY,

    Plaintiffs,

vs.

FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,

    Defendants.

Case No. 2:08-cv-00635-PMP-GWF

**ORDER**

**Motion for Contempt - #569**

This matter is before the Court on Plaintiffs' Motion for Contempt Against Defendant Kimtran Rizzolo and her Counsel and for Enforcement of Monetary Sanctions Under Fed.R.Civ.P. 37 (#569), filed on January 23, 2012; Defendant's Opposition to Motion for Contempt (#570), filed on January 31, 2012; and Plaintiffs' Reply in Support of Motion for Contempt (#572), filed on February 10, 2012.

**BACKGROUND AND DISCUSSION**

On January 4, 2012, this Court entered Order (#567) which granted Plaintiffs' Motion to Compel Discovery as to Defendant Kimtran Rizzolo and Request for Sanctions (#555). The order required Kimtran Rizzolo to supplement her responses to certain interrogatories and requests for production of documents. The order further stated:

> Defendant Kimtran Rizzolo shall serve fully responsive supplemental responses to the Interrogatories and Requests for Production discussed in this order on or before **January 13, 2012**. To the extent that Defendant, after exercising due diligence, cannot produce all required information and documents by this deadline, she shall state in her responses the efforts she has made to comply and shall promptly further supplement her responses as soon as additional information or documents are obtained. *Order (#567)*, pgs. 12-13.

The Court did not award attorneys fees and costs against Defendant for her failure to sufficiently respond to Plaintiffs' discovery requests. The Court, however, cautioned Defendant that if she failed to comply with the order, an award of expenses or other sanctions would be awarded. *Order (#567)*, pg. 12. The Court also stated that sanctions could include contempt of court. *Id.*, pg. 6.

Plaintiffs' counsel, Philip R. Erwin, states, in his declaration in support of Plaintiffs' instant motion, that Defendant did not serve supplemental discovery responses on January 13, 2012 as ordered by the Court. *Motion (#569)*, pg. 2, ¶3. He further states that he spoke with Defendant's counsel, Herbert Sachs, on January 17, 2012 and that Mr. Sachs, stated that he would not provide any supplemental responses until January 20, 2012. Mr. Erwin also asserts that Mr. Sachs stated that Defendant "would be producing little to no new information at that time." *Id.*, ¶4. Plaintiffs did not receive Defendant's supplemental discovery responses on January 20. Plaintiffs therefore filed their motion for contempt on January 23, 2012.

Mr. Sachs submitted his own declaration in support of Defendant's opposition to the motion for contempt. *Opposition (#570), Exhibit A*. Mr. Sachs denied that he informed Mr. Erwin on January 17 that Defendant would not produce any supplemental discovery responses until January 20, 2012 or that Defendant would be producing little or no new information at that time. Defendant attached as an exhibit to her opposition an unsigned copy of a letter that Mr. Sachs states that he faxed to Mr. Erwin and other counsel in this case on January 19, 2012. According to this letter, Mr. Sachs stated that he advised Mr. Erwin that Ms. Rizzolo had contacted various banks and was told that, either they could not supply her with the information requested or that it would take some time to provide the requested documents. Mr. Sachs stated that he informed Mr. Erwin that Defendant would provide the requested documents once they were received. Plaintiffs' counsel state that they did not receive Mr. Sach's January 19, 2012 letter and they claim that it was never actually sent.

Defendant served her supplemental discovery responses by mail on January 24, 2012, the day after Plaintiffs filed their motion. *See Plaintiffs' Reply (#572), Exhibits 3 and 4*. Plaintiffs argue in their reply that Defendant and her counsel have failed to adequately supplement certain

1  interrogatory responses in compliance with Order (#567) and that the Court should also impose
2  sanctions on this basis.

3  **Interrogatory No. 3** asked Defendant Kimtran Rizzolo to:

4  State the full description and present location and ownership of any asset or property you presently possess. If any such asset or property
5  is not presently owned by you, state the details concerning its disposition by you, including to whom it went, when and for what
6  consideration, including its sales price, if any.

7  Defendant initially objected to Interrogatory No. 3 on the grounds that it is too broad. The
8  Court overruled the objection and ordered Defendant to provide a full and complete response. *See*
9  *Order (#567)*.

10  Defendant's supplemental response generally states that she owns and possesses articles of
11  clothing, a residence, and a 2011 Mercedes automobile. Defendant also identified checking or
12  savings accounts at various banks and the approximate balances in those accounts. She also
13  identified money market accounts, certificates of deposit and investment accounts in banks or
14  investment companies and the approximate amounts in those accounts. Her response further stated:
15  "Bank statements setting forth the exact amounts are attached hereto." *Reply (#572), Exhibit 3*.

16  Plaintiffs do not take issue with the information provided by Defendant concerning the
17  particular items listed in her supplemental response. Plaintiff states, however, that Defendant
18  previously identified "an account at Fidelity in the amount of $200,000" during her deposition
19  taken on October 12, 2011. Defendant also identified a checking account at Union Bank in her
20  initial answer to Interrogatory No. 6. Plaintiffs argue that Defendant should be sanctioned because
21  her supplemental response does not address either of these accounts.

22  The Court orders Defendant to further supplement her response to Interrogatory No. 3 and
23  provide information regarding her reported investment or bank accounts with Fidelity and Union
24  Bank. In view of Defendant's identification of her other bank and investment accounts and
25  production of the statements for those accounts, her failure to address the Fidelity and Union Bank
26  accounts in her supplemental response to Interrogatory No. 3 does not warrant the imposition of
27  sanctions.
28  . . .

1 **Interrogatory No. 16** asked Defendant to:

> Identify if you have, at any time since January 1, 2005, entered into any transaction with Bartholomew Rizzolo, Rick Rizzolo, Lisa Rizzolo or any other relative involving the transfer, conveyance, assignment, gift or other disposition of real or personal property and describe the terms thereof.

Defendant initially responded to this interrogatory as follows: "To the best knowledge and interpretation of the wording of the Interrogatory herein, Defendant has not entered into any transaction." The court stated in Order (#567) that this response was evasive and ordered Defendant to respond to Interrogatory No. 16, without evasion or qualification, and describe any and all transactions that fall within the scope of the interrogatory.

Defendant's supplemental response to Interrogatory No. 16 states:

> There has been no transaction entered into which has been reduced to writing nor any documentation such as a note, mortgage, which would indicate any transaction as Defendant understand the word to mean.

Defendant's supplemental response to Interrogatory No. 16 remains evasive. The interrogatory was not limited to "transactions" that were reduced to or memorialized by a writing. Defendant is again ordered to answer Interrogatory No. 16 and provide a description of any and all transactions within the broad scope of information requested.[1]  Because Defendant and her counsel have again provide an unreasonable and evasive response to Interrogatory No. 16, an appropriate sanction is warranted.

**Interrogatory No. 22** asked Defendant to:

> Identify any and all contracts, business arrangements, entitlements, assignments, or cash inflows entered into *or assumed by you* on behalf of Bartholomew Rizzolo, Rick Rizzolo, or Lisa Rizzolo since January 1, 2005. (Emphasis added)

. . .

---

[1] The Oxford University Press Dictionary defines transaction as an instance of buying or selling or an action of conducting business. That is the context in which the word is used in Interrogatory No. 16. Defendant, with the assistance of counsel, can and should understand and respond to this Interrogatory.

Plaintiff initially responded to this interrogatory by referring to her response to Interrogatory No. 21 which stated that Defendant's late husband, Bart Rizzolo, owed money to Rick Rizzolo for the purchase of jewelry and that Bart Rizzolo directed Defendant Kimtran Rizzolo to pay this obligation by paying attorney's fees that Rick Rizzolo owed to his attorneys.

Order (#567) noted that it is undisputed that Rick Rizzolo assigned the proceeds from the sale of his interest in "TEZ," which owned an adult entertainment club in Philadelphia, to his father Bart Rizzolo in 2008. After Bart Rizzolo died in 2010, Defendant Kimtran Rizzolo sent a letter to the representative of the purchaser requesting that all further checks be paid to Defendant as executrix of Bart Rizzolo's estate. This information was within the scope of Interrogatory No. 22 and should have been included in Defendant's initial response to that interrogatory, together with information about any other "transactions" within the scope of the interrogatory. The Court therefore ordered Defendant to supplement her response to Interrogatory No. 22 and provide truthful and complete information in response thereto.

Defendant's supplemental response to Interrogatory No. 22 states:

> There are no contracts, business arrangements, entered into or assumed by me on behalf of Bartholomew Rizzolo, Rick Rizzolo, or Lisa Rizzolo.

At this point, the information regarding Defendant's assumption and receipt of the proceeds from the sale of Rick Rizzolo's interest in TEZ is no secret. Plaintiffs are entitled, however, to a signed answer under oath by Kimtran Rizzolo which describes and confirms her assumption and/or receipt of the proceeds of the assignment of Rick Rizzolo's interest in TEZ. The Court therefore again orders Defendant to supplement her answer to Interrogatory No. 22 and provide a full and complete response to the interrogatory. Because the Court's previous order clearly stated that information regarding the assignment of Rick Rizzolo's interest in TEZ should be included in Defendant's supplemental answer to Interrogatory No. 22, and Defendant has still not done so, an award of sanctions is also appropriate.

**Interrogatory No. 25** asked Defendant to:

> Identify and describe your relationship including all business dealings with Vincent Piazza, Stuart Cohen, and the Piazza Family Limited Partnership or any owner, member, employee or agent thereof.

Defendant initially responded to this interrogatory with the one word answer: "None."

Order (#567) stated:

> It is the Court's understanding that Vincent Piazza, Stuart Cohen, and the Piazza Family Limited Partnership were the co-owners or partners with Rick Rizzolo in TEZ. Defendant had at least some relationship with one or more of these individuals or the entity as it relates to her receipt of payments pursuant to the assignment of the proceeds from the sale of Rick Rizzolo's interest in TEZ. Defendant should include that information in a supplemental response and identify and describe any other relationship or business dealings, if any, that she had with the listed individuals, entity or their agents. Accordingly, Defendant is ordered to supplement her response to Interrogatory No. 25.

Defendant's supplemental response to Interrogatory No. 25 states:

> The Court's assumption is completely incorrect. Other than being the widow of Bart Rizzolo and receiving checks from Vincent Pizza (sic), Defendant had no relationship with any other parties named in Interrogatory No. 25.

Although argumentative and poorly worded, Defendant's supplemental response indicates that she had no relationship with the individuals listed in Interrogatory No. 25, other than receiving the assigned proceeds from the sale of Rick Rizzolo's interest in TEZ, following the death of Bart Rizzolo. So construed, this is an adequate answer to Interrogatory No. 25. The additional information provided by Plaintiffs regarding Vincent Piazza's deposition testimony does not contradict Defendant's supplemental response. It simply provides additional information as to how the transfer of the payments was made to Kimtran Rizzolo.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that the court may impose an appropriate sanction on a party who fails to obey a discovery order. The sanctions authorized in Rule 37(b)(2) vary in severity, depending on the egregiousness of the offending party's conduct and the prejudice resulting therefrom. In this case, the Court concludes that the most appropriate sanction is an award of expenses pursuant to subsection (C) of the rule.

Although Defendant did not comply with Oder (#567) within the time limits set by that order, she eventually complied on January 24, 2012 (after Plaintiffs filed their instant motion) by providing most of the information or documents she was required to provide pursuant to the order. In particular, it appears that Defendant has produced information and documents relating to her

6

bank and investment accounts–which may contain assets that were directly or indirectly transferred to her or her late husband, Bart Rizzolo, by Defendant Rick Rizzolo. As discussed above, however, Defendant failed to properly supplement her responses to Interrogatory Nos. 16 and 22. The Court therefore concludes that Plaintiffs are entitled to an award of a portion the attorneys fees they incurred on their prior motion to compel (#555) and in regard to their instant motion for sanctions (#569). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt Against Defendant Kimtran Rizzolo and her Counsel and for Enforcement of Monetary Sanctions Under Fed.R.Civ.P. 37 (#569) is **granted** as follows:

1. Defendant is ordered to further supplement her responses to Interrogatory Nos. 16 and 22 within 14 days of the filing of this order. Failure to do so may result in the imposition of further sanctions against Defendant and/or her counsel.

2. Plaintiffs are awarded their reasonable attorney's fees and costs incurred in pursuing their previous motion to compel (#555) and their instant motion for contempt (#569) in an amount to be hereafter determined by the Court.

3. Counsel for Plaintiffs shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

4. Counsel for Defendant shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

5. Counsel for Plaintiffs shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 20th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge