**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

KIRK and AMY HENRY,

        Plaintiffs,

vs.

FREDRICK RIZZOLO aka RICK RIZZOLO, an individual; LISA RIZZOLO, an individual; and THE RICK AND LISA RIZZOLO FAMILY TRUST,

        Defendants.

2:08-CV-00635-PMP-GWF

**<u>ORDER</u>**

Presently before the Court is Defendants Lisa Rizzolo, The Lisa M. Rizzolo Separate Property Trust, and The LMR Trust's (collectively "Lisa Rizzolo") Motion for Summary Judgment (Doc. #553), filed on November 7, 2011. Plaintiffs Kirk and Amy Henry filed an Opposition (Doc. #560) on December 1, 2011. Lisa Rizzolo filed a Reply (Doc. #564) on December 19, 2011.

The parties are familiar with the facts of this case and the Court will not set forth the facts here except where necessary. Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Initially, the moving party bears the burden of proving there is no genuine issue of material fact.  Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial.  Id.  The Court views all evidence in the light most favorable to the non-moving party.  Id.

Defendant Lisa Rizzolo moves for summary judgment on two grounds.  First, Lisa Rizzolo argues that community property is not an "asset" capable of being fraudulently transferred under Nevada's Uniform Fraudulent Transfer Act ("NUFTA").  Second, she argues that the four-year statute of limitations under NUFTA bars any claim against The Rick and Lisa Rizzolo Family Trust because the trust was created more than four years prior to the filing of the Complaint.

Plaintiffs respond that this Court previously has rejected Lisa Rizzolo's arguments.  Plaintiffs contend a divorce decree is subject to NUFTA.  Plaintiffs also argue that it does not matter for statute of limitations purposes whether the trust was created outside the limitations period, it matters only whether fraudulent transfers occurred within the limitations period.  Plaintiffs contend the trust first received fraudulent transfers in May 2005, when the Rizzolos divorced, and Plaintiffs' Complaint brought in May 2008 therefore is timely.

**A. Community Property**

Under NUFTA, a "transfer" is fraudulent if the debtor made the transfer with "actual intent to hinder, delay or defraud any creditor of the debtor."  Nev. Rev. Stat.

§ 112.180(1)(a). A "transfer" is "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease and creation of a lien or other encumbrance." Id. § 112.150(12). NUFTA defines an "asset" as "property of a debtor, but the term does not include . . . [a]n interest in property held in tenancy by the entireties or as community property to the extent it is not subject to process by a creditor holding a claim against only one tenant." Id. § 112.150(2)(c).

Nevada is a community property state. Mullikin v. Jones, 278 P.2d 876, 880 (Nev. 1955). Under Nevada law, any property a spouse owns prior to marriage, and any property acquired by that spouse during marriage by gift, bequest, devise, descent, or as a personal injury award, is that spouse's separate property. Nev. Rev. Stat. § 123.130. However, property acquired during a marriage presumptively is community property. See id. § 123.220; Fick v. Fick, 851 P.2d 445, 448 (Nev. 1993). Spouses have "present, existing and equal interests" in community property during the marriage. Nev. Rev. Stat. § 123.225(1).

Nevada treats debts in a similar fashion as ownership of assets. "[D]ebts incurred before marriage remain the separate debts of each spouse—they do not automatically transmute into community debts upon marriage" In re Field, 440 B.R. 191, 195 (Bankr. D. Nev. 2009). Thus, while a creditor can collect on a premarital debt from the debtor spouse's separate property or the debtor spouse's share of the community property, a creditor cannot collect on a premarital debt from the non-debtor spouse's separate property or the non-debtor spouse's share of the community property. Nev. Rev. Stat. § 123.050; In re Field, 440 B.R. at 195; Rodgers v. Rodgers, 887 P.2d 269, 272-73 (Nev. 1994); Slack v. Schwartz, 161 P.2d 345, 347 (Nev. 1945).

In contrast, a debt incurred during marriage presumptively is a community debt unless the lender intended to rely on the debtor spouse's separate property to satisfy the

debt. Norwest Fin. v. Lawyer, 849 P.2d 324, 326 (Nev. 1993).  A creditor owed a community debt thus can collect from the entirety of the community.  United States v. ITT Consumer Fin. Corp., 816 F.2d 487, 491 n.12 (9th Cir. 1987) (interpreting Nev. Rev. Stat. § 123.050).  Additionally, a creditor can collect on a community debt from the debtor spouse's separate property, but the creditor cannot collect from the non-debtor spouse's separate property unless the non-debtor spouse obligated himself or herself to repay the debt. Id.

   Likewise, a spouse is not personally liable for his or her spouse's intentional torts committed during marriage merely by virtue of being married.  Jewett v. Patt, 591 P.2d 1151, 1152 (Nev. 1979).  Consequently, the non-tortfeasor spouse's separate property is not subject to a judgment against the tortfeasor spouse.  See id.  However, a tort committed during the marriage by one spouse is considered a community debt, and the entirety of the community property is subject to a judgment against the tortfeasor spouse, even if the other spouse was not a named party to the suit.  Randono v. Turk, 466 P.2d 218, 223-24 (Nev. 1970); see also F.T.C. v. Neiswonger, 580 F.3d 769, 776 (8th Cir. 2009) (analyzing Nevada law).

   Here, Kirk Henry was injured in September 2001, Plaintiffs filed suit against Rick Rizzolo in October 2001, and the Rizzolos divorced in June 2005.  Because the conduct giving rise to Plaintiffs' claim against Rick Rizzolo occurred during the marriage, Plaintiffs' claim against Rick Rizzolo is a community debt.  Lisa Rizzolo's separate property is not subject to the judgment, but the entire community is subject to a judgment, even though Lisa Rizzolo was not a named party to the lawsuit Plaintiffs filed against Rick Rizzolo.  Accordingly, Lisa Rizzolo's share of the community property is "subject to process by a creditor holding a claim against only one tenant" as set forth in NUFTA § 112.150(2)(c), and therefore falls within the definition of an "asset" that can be

fraudulently transferred.[1]  Moreover, to the extent the divorce settlement inequitably divided the community assets and Rick Rizzolo fraudulently transferred a portion of his share of the community property to Lisa Rizzolo through the divorce, Rick Rizzolo's share of the community property that was fraudulently transferred to Lisa Rizzolo is also subject to the judgment.

This is so even though Rick Rizzolo settled the claim and breached the settlement agreement after the divorce.  Married couples may not avoid community debts by (1) making fraudulent transfers through a divorce, (2) settling the community claim against the spouse who fraudulently transferred community assets, and (3) breaching the settlement agreement, leaving the spouse who fraudulently transferred community assets without sufficient means to satisfy the liability owed to the third party creditor.  Where a reasonable jury could find the spouses engaged in such conduct, a fraudulent transfer claim against the community property will lie.  See, e.g., In re Beverly, 374 B.R. 221, 233-34 (9th Cir. BAP 2007); Mejia v. Reed, 74 P.3d 166, 173 (Cal. 2003).  As this Court already has determined a reasonable jury could find the Rizzolos' divorce constituted a fraudulent transfer, the Court will deny Lisa Rizzolo's Motion on this basis.  (See Order (Doc. #536) at 8-9.)

Moreover, Lisa Rizzolo's community property argument relates only to the property transfer that occurred in the context of the Rizzolos' divorce decree.  Following their divorce, any transfers between the Rizzolos would not constitute a transfer of community property.  Consequently, even if Plaintiffs could attach only Rick Rizzolo's separate property and his half of the community property, the Court still would partially deny Lisa Rizzolo's Motion for Summary Judgment with respect to any post-divorce transfers from Rick Rizzolo to Lisa Rizzolo.  (Id. at 9-10 (holding a reasonable jury could

---

[1] See, e.g., Wikes v. Smith, 465 F.2d 1142, 1147 (9th Cir. 1972) (applying California law); Stewart Title Co. v. Huddleston, 608 S.W.2d 611, 612 (Tex. 1980); Spokane Merchants' Ass'n v. Olmstead, 327 P.2d 385, 387-88 (Idaho 1958); Vest v. Superior Ct. In & For City & Cnty. of S.F., 294 P.2d 988, 991 (Cal. Dist. Ct. App. 1956).

find post-divorce transfers were fraudulent).)

### B. Statute of Limitations

A fraudulent transfer claim under § 112.180(1) is barred unless the plaintiff brings the claim within four years after the transfer was made or within one year after the plaintiff discovered or reasonably could have discovered the transfer, whichever is later. Nev. Rev. Stat. § 112.230(1).  As an initial matter, Lisa Rizzolo does not represent The Rick and Lisa Rizzolo Family Trust.  Even if the Court considered her argument on this point, the limitations period does not run from when the trust was created but from when any transfers were made.  Plaintiffs have presented evidence from which a reasonable jury could find fraudulent transfers starting with the Rizzolos' divorce in June 2005.  (Order (Doc. #536) at 8-9.)  Plaintiffs filed their Complaint in this action in May 2008, within the limitations period.  The Court therefore will deny Lisa Rizzolo's Motion on this basis.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Lisa Rizzolo, The Lisa M. Rizzolo Separate Property Trust, and The LMR Trust's Motion for Summary Judgment (Doc. #553) is hereby DENIED.

IT IS FURTHER ORDERED that the parties shall file a proposed joint pretrial order within thirty (30) days of the date of this Order.

DATED: April 19, 2012

_____
PHILIP M. PRO
United States District Judge