# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KIRK and AMY HENRY, | |
| Plaintiffs, | Case No.: 2:08-cv-0635-PMP-GWF |
| vs. | **ORDER** |
| FREDRICK RIZZOLO, et al., | Plaintiffs' Memorandum In Support of Attorney's Fees (#576) |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Memorandum of Costs and Attorneys Fees (#576), filed on March 29, 2012 and Defendant Kimtran Rizzolo's Opposition to Plaintiffs' Memorandum (#581), filed on April 11, 2012.

## BACKGROUND

On January 4, 2012, this Court entered Order (#567) which granted Plaintiffs' Motion to Compel Discovery as to Defendant Kimtran Rizzolo and Request for Sanctions (#555). The Order required Defendant Kimtran Rizzolo to serve supplemental discovery responses by January 13, 2012. Defendant Kimtran Rizzolo however failed to comply with the Court's Order. Plaintiffs subsequently filed a Motion for Contempt (#569). On March 20, 2012, the Court granted Plaintiffs' Motion for Contempt and awarded Plaintiffs their reasonable attorneys fees and costs in bringing the Motion to Compel (#555) and Motion for Contempt (#569). Plaintiff now brings this Memorandum, requesting reimbursement of $10,825.00 in fees and costs associated with the above motions. Defendant opposes Plaintiffs' request, arguing that the requested fees "are so unreasonable as to be laughable and contemptible." Defendant requests that the Court deny Plaintiffs' requested fees and award Defendant her reasonable attorneys fees in having to oppose this Memorandum.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiffs request a total of $10,825.00 in fees and costs associated with bringing the Motion to Compel (#555) and Motion for Contempt (#569). Plaintiffs request reimbursement of attorneys' fees and costs at an hourly rate of $250.00 for the time of Philip R. Erwin, Esq. Defendant does not argue that the requested hourly rate is unreasonable. After reviewing Plaintiffs' Memorandum and the affidavit of Philip Erwin, the Court finds that the Plaintiffs have offered sufficient evidence that the above hourly rate is reasonable.

Plaintiffs' attorney states that he worked 22.5 hours preparing the Motion to Compel and 20.8 hours on the Motion for Contempt, for a total of 43.3 hours. Plaintiffs' counsel claims that he spent approximately 6.8 hours drafting the motion to compel and an additional 5 hours editing and preparing the motion for filing. Plaintiffs' counsel further states that he spent approximately 7.8 hours preparing the five-page the Motion for Contempt (#569) and another 11.3 hours preparing the nine-page Reply (#572). Considering the totality of the circumstances, Plaintiffs' requested fees

are excessive. The Court finds that 25 hours is a reasonable amount of time to spend on the Motion to Compel and Motion for Contempt. The Court will therefore award attorneys fees to Plaintiffs in the amount of $6,250.00. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. The Court will not award Defendant Kimtran Rizzolo her attorney fees in having to oppose Plaintiffs' Memorandum. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kimtran Rizzolo is to pay Plaintiffs the total sum of **$6,250.00**. Defendant is further ordered to make full payment to Plaintiffs by **Thursday, May 24, 2012.**

DATED this 27th day of April, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge