**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KIRK and AMY HENRY, | 2:08-CV-00635-PMP-GWF |
| Plaintiffs, | **ORDER** |
| vs. | |
| FREDRICK RIZZOLO aka RICK RIZZOLO, an individual, LISA RIZZOLO, an individual, THE RICK AND LISA RIZZOLO FAMILY TRUST, | |
| Defendants. | |

  Before the Court is Defendant Kimtran Rizzolo's Motion for a New Trial or in the Alternative, to Alter or Amend Judgment (Doc. #587), filed on May 18, 2012. Plaintiffs filed an Opposition (Doc. #601) on June 4, 2012. Defendant Kimtran Rizzolo did not file a reply.

  On April 19, 2012, this Court granted summary judgment in Plaintiffs' favor on fraudulent transfer claims against Defendant Kimtran Rizzolo ("Kimtran"), and entered Judgment in the amount of $1,052,996.03. (Order (Doc. #583), J. (Doc. #584).) Kimtran now moves for a new trial or to amend the judgment under Federal Rule of Civil Procedure 59(a)(2). Kimtran argues she was a good faith transferee under Nevada Revised Statutes § 112.220(1). Alternatively, Kimtran requests that

the Judgment be altered to limit it to the amount she actually received from Bart Rizzolo less any loans made to Fredrick Rizzolo or any attorney's fees paid on Fredrick Rizzolo's behalf.  Plaintiffs oppose the Motion, arguing it is untimely.

Federal Rule of Civil Procedure 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  A party must file a motion for new trial or a motion to alter or amend judgment under Rule 59 "no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b), (e).  To determine whether a Rule 59 motion is timely, the Court excludes the day judgment was entered, counts every day thereafter including weekends and holidays, and includes the last day of the period unless the last day is a weekend or legal holiday.  Fed. R. Civ. P. 6(a)(1).  The Court cannot extend time to file a motion for new trial or to alter or amend a judgment under Rule 59(b) or (e).  Fed. R. Civ. P. 6(b)(2).  The Court lacks jurisdiction to consider an untimely filed Rule 59 motion.  Tillman v. Ass'n of Apartment Owners of Ewa Apartments, 234 F.3d 1087, 1089 (9th Cir. 2000).

Judgment was entered on April 19, 2012.  Any Rule 59 motion therefore was due May 17, 2012.  Kimtran did not file her Motion until May 18, 2012.  Her Motion therefore is untimely, and the Court lacks jurisdiction to consider it.

To the extent Kimtran meant to file her Motion under Rule 60(b), she has not established any mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud or misconduct by Plaintiffs to support her request for relief from the Judgment.  Fed. R. Civ. P. 60(b)(1)-(3).  Kimtran also has not shown grounds for voiding the Judgment or that the Judgment has been satisfied.  Fed. R. Civ. P. 60(b)(4)-(5).

///

Finally, Kimtran has not shown the Court should grant her relief from the Judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although Kimtran argues Plaintiffs failed to show at summary judgment that she did not receive the fraudulently transferred funds in good faith, it was Kimtran's burden to establish a genuine issue of fact regarding this affirmative defense. Herup v. First Boston Fin., LLC, 162 P.3d 870, 876 (Nev. 2007) (holding that "to establish a good faith defense to a fraudulent transfer claim, the transferee must show objectively that he or she did not know or had no reason to know of the transferor's fraudulent purpose to delay, hinder, or defraud the transferor's creditors."). Kimtran presented no evidence and made no argument in response to Plaintiffs' summary judgment motion that she was a good faith transferee. Her present Motion likewise lacks any evidentiary support for her claim that she is a good faith transferee.

Further, to the extent Kimtran seeks to amend the Judgment to offset loans Bart Rizzolo purportedly made to Rick Rizzolo, she cites no legal authority supporting her position. Similar to her response to Plaintiffs' summary judgment motion, Kimtran provides no evidence to establish any such loans were even made, when any such loans were made, in what amount, and the remaining balance at the time of the fraudulent transfers. (See Order (Doc. #583) at 10.) The Court therefore has no evidentiary basis to offset the Judgment even if such an offset were warranted.

However, pursuant to Rule 62.1(a)(3), the Court hereby indicates that it would clarify the Judgment pursuant to Rule 60(a) were an appeal not presently pending which precludes the Court from clarifying the Judgment. See Fed. R. Civ. P. 60(a) (permitting district court to correct mistakes in a judgment unless an appeal has been docketed and is pending, in which case "such a mistake may be corrected only with the appellate court's leave"). Specifically, the Court would clarify that as

the recipient of fraudulently transferred funds, Kimtran must disgorge only so much of the Judgment as she actually received from Bart Rizzolo.

IT IS THEREFORE ORDERED that Kimtran Rizzolo's Motion for a New Trial or in the Alternative, to Alter or Amend Judgment (Doc. #587) is hereby DENIED.

IT IS FURTHER ORDERED that a hearing on Plaintiffs' Motion for Order to Hold Defendant Kimtran Rizzolo in Civil Contempt (Doc. #603) is set for Monday, September 10, 2012, at 3:00 p.m. in Courtroom 7C, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101.

DATED: June 21, 2012

_____
PHILIP M. PRO
United States District Judge

4