# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KIRK AND AMY HENRY,

    Plaintiffs,

vs.

FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,

    Defendants.

Case No. 2:08-cv-00635-PMP-GWF

**ORDER**

This matter is before the Court on Garnishee Defendant Transamerica's Motion for Clarification of Order Dated September 17, 2012 and for Stay of Writ of Execution Pending Clarification (#644), filed on September 27, 2012; Plaintiffs' Opposition to Motion for Clarification (#646), filed on September 28, 2012; and Garnishee Defendant Transamerica's Reply to Plaintiffs' Opposition to Motion for Clarification (#651), filed on October 8, 2012. Also before the Court is Plaintiffs' Motion for Reconsideration of Order [Dkt. No. 647] (#648), filed on October 4, 2012.

## BACKGROUND AND DISCUSSION

On April 19, 2012, the District Judge granted summary judgment against Defendants Rick Rizzolo and Kimtran Rizzolo in the amount of $1,052,996.03. *Order (#583), Judgment (#584)*. On May 22, 2012, the court clerk issued a writ of execution to the United States Marshal directing him to satisfy the judgment out of the personal property of the judgment debtors. *Writ of Execution (#594)*. The United States Marshal served writs of garnishment and seizure on Transamerica Life Insurance Company ("Transamerica") and Prudential Life Insurance Company ("Prudential") on June 8 and 21, 2012, respectively, for purposes of seizing Defendant Kimtran Rizzolo's annuity accounts with those companies. *Docket Nos. 604 and 617*.

On July 12, 2012, Plaintiffs filed a Motion for Order Permitting Seizure of Defendant Kimtran Rizzolo's Annuity Accounts (#612). The district judge referred Motion (#612) to the undersigned magistrate judge. Plaintiffs stated in their motion that Transamerica responded to the writ of garnishment served on it by filing an independent action seeking a judicial determination whether Kimtran Rizzolo's Transamerica annuity account is exempt from execution pursuant to Nevada Revised Statute (NRS) §687B.290.1. Prudential responded to the writ of garnishment by stating that it would await instruction from the court as to whether Kimtran Rizzolo's annuity account is subject to seizure. *Prudential's Response to Interrogatories to Garnishee (#611).* Plaintiffs' counsel reported that the United States Marshal in the Southern District of Iowa will not serve a writ of garnishment on Metlife without a court order stating that Kimtran Rizzolo's annuity account is subject to seizure. *Motion (#612), Declaration of Philip Erwin, pg. 3.*

Garnishee Defendant Transamerica Life Insurance Company and Defendant Kimtran Rizzolo filed written oppositions to Plaintiffs' motion for an order permitting seizure of Kimtran Rizzolo's annuity accounts. *See Docket Nos. 616* and *620.* The parties' briefs focused on whether the subject annuity accounts are exempt from execution or seizure under Nevada law. The parties did not address whether Plaintiffs' motion was brought in a procedurally correct manner. Plaintiffs argued that the annuity accounts are not exempt from execution or seizure because the annuity contracts were purchased, in whole or in part, with funds that Defendant Rick Rizzolo transferred to Bart and Kimtran Rizzolo with the actual intent to hinder, delay and defraud his creditors. Plaintiffs requested that the Court enter an order allowing Plaintiffs to seize Kimtran Rizzolo's annuity accounts in satisfaction of Order (#583) and Judgment (#584). This Court concluded that the subject annuity accounts, in whole or in part, are not exempt from seizure under NRS §687B.290.1 and entered an order granting Plaintiffs' motion as follows:

> Plaintiffs may execute on and recover the cash surrender amount of the annuity issued to Kimtran Rizzolo by Metropolitan Life Insurance Company ("Metlife"), Policy or Annuity contract No. 4767 up to $617,513.81, and may execute on and recover the cash surrender values of Prudential Life Insurance Company, Policy or Annuity Contract Nos. E1146252 and E1149996, and Transamerica Life Insurance Company, Policy or Annuity Contract No. 121185LB8, in satisfaction of the unpaid balance of Plaintiffs' judgment against Defendants Rick Rizzolo and Kimtran Rizzolo.

*Order (#634), pg. 11.*

Following the entry of Order (#634), Plaintiffs' counsel demanded that Transamerica pay over the cash surrender value of Kimtran Rizzolo's Transamerica annuity account. Transamerica declined to do so, stating that its counsel was evaluating the meaning of Order (#634). Plaintiffs thereupon filed a motion for order to show cause why Transamerica should not be held in contempt for failing to comply with the order. *See Motion for Order to Show Cause (#641).* Transamerica states, however, that it "is not refusing to turn over the [annuity account] funds, but it has not paid them because ... it does not interpret the Order as requiring payment to Plaintiffs and because Plaintiffs have not followed all procedures required by Nevada law." *Motion for Clarification (#645), pg. 3.* Transamerica, therefore, seeks clarification of Order (#634).

In its motion for clarification, Transamerica cites Rule 69(a) of the Federal Rules of Civil Procedure which provides as follows:

> A money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

In *Employee Painters Trust v. Riggio Brothers Construction, Inc.*, 2010 WL 3896148, *2 (D.Nev. 2010), the district court explained the procedure for pursuing the seizure of a judgment debtor's personal property by writ of garnishment as follows:

> Pursuant to Fed.R.Civ.P. 64, a writ of garnishment may be issued pre-or post judgment in accordance with state law. Under Fed R. Civ. P. 69, any process issued to enforce a judgment for the payment of money is called a writ of execution. Thus, a writ issued by a federal district court in Nevada for enforcement of a judgment by garnishment is called a writ of execution, but the Marshal enforces the writ according to Nevada state procedures for garnishment. *See* Fed.R.Civ.P. 69(a)(1); *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 834 (1988). In Nevada, garnishment proceedings are generally special proceedings governed by N.R.S. § 31. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, LTD,* 197 P.3d 1051, 1056 (Nev.2008). Pursuant to Chapter 31, writs of garnishment are to be served in the same manner as a summons in a civil action, which gives the court jurisdiction to proceed against the "garnishee defendant." N.R.S. § 31.270. Upon the Marshal's return showing service of a writ of garnishment, the garnishee formally becomes a party of record and is subject to the jurisdiction of the Court. N.R.S. § 31.280.

> When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories. N .R.S. §§ 31.260, 31.290. If a garnishee defendant admits that it has money or property belonging to the defendant (judgment debtor) "the court shall ... upon application of the plaintiff with written notice to the garnishee ... enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness ..." *See* N.R.S. § 31.300; *Frank Settelmeyer & Sons, Inc.,* 197 P.3d at 1056 (Nev.2008). Thus, the garnishee must not pay any of the money to the defendant and must instead retain the money in his possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff. N.R.S. § 31.310.

In *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, LTD ("Settelmeyer")*, 124 Nev. 1206, 1213 n. 9, 197 P.3d 1051, 1056 n. 9 (2008), the Nevada Supreme Court stated that NRS §31.450 provides, generally and to the extent possible, that the prejudgment attachment and garnishment provisions in NRS Chapter 31 apply equally to post-judgment garnishment matters. The Court further stated:

> When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories. If a properly served garnishee defendant fails to answer the interrogatories, the court must enter judgment for the garnished amount "in favor of the defendant for the use of the plaintiff against the garnishee." If the garnishee defendant answers the interrogatories, the matter proceeds in one of two ways. If the garnishee defendant admits that he has the defendant's property, the court may enter a judgment in the defendant's favor. But, if the garnishment is contested, the matter must be tried and judgment rendered, in a manner similar to civil cases.

*Settelmeyer*, 124 Nev. at 1214, 197 P.3d at 1056.

The Court noted that NRS §31.340 governs trial in contested garnishment proceedings. *Id.* 124 Nev. at 1214, n. 16, 197 P.3d at 1056, n. 16.

As stated in *Employee Painters Trust v. Riggio Brothers Construction, Inc.*, NRS §31.300.2 provides that if the garnishee's answer shows that the garnishee is in possession of money, debts, credits or choses in action, or has any such items under his control, or is in any way indebted to the defendant, then upon application of the plaintiff with written notice to the garnishee or his attorney, the court shall enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness, choses in action, debts or credits admitted in the garnishee's answer, but judgment against the garnishee shall not be for a greater sum than is

4

necessary to satisfy the judgment of the plaintiff against the defendant, together with costs.

In the opposition to Transamerica's motion for clarification of Order (#634), the Plaintiffs' counsel states that Transamerica never informed him, prior to the filing of Transamerica's motion for clarification of Order (#634), that Plaintiffs were required to obtain a judgment. Plaintiffs also stated that after being provided with a copy of Order (#634), Prudential sent to Plaintiffs' counsel two checks for the cash surrender value of the annuity accounts that Kimtran Rizzolo held with that company. *Plaintiffs' Opposition to Motion for Clarification (#646), Affidavit of Philip Erwin.* Plaintiffs argue that to the extent a judgment is required against the garnishee defendants pursuant to the provisions of Fed.R.Civ.Pro. 69 and NRS Chapter 31, Order (#634) should be construed as such a judgment. *Id. pgs. 4-5.*

Order (#634) cannot be construed as a final judgment because, in the absence of the consent of the parties, the undersigned magistrate judge does not have the authority to render a final judgment in a civil action. *See* 28 U.S.C. §636(b)(1)(A). Arguably, Order (#634) could be recharacterized as a report and recommendation upon which the District Judge could enter a final judgment if he approves and adopts the recommendation. Because of the other procedural defects in this matter, however, it is not proper do so.

First, it has not been shown that Plaintiffs' Motion for Order Permitting Seizure of Defendant Kimtran Rizzolo's Annuity Accounts (#612) was actually served on Metlife, Prudential or, for that matter Transamerica, as required by NRS §31.300.2. According to Plaintiffs, the United States Marshal in the Southern District of Iowa declined to serve the writ of garnishment and seizure on Metlife without an order from the Court that the accounts are subject to seizure.[1] *Motion for Order Permitting Seizure of Defendant Kimtran Rizzolo's Annuity Accounts (#612), Declaration of Philip Erwin, pg. 3.* It is therefore unclear whether Metlife has received any actual notice of these proceedings. Metlife cannot be required to pay over any portion of Kimtran

---

[1] Given the garnishment procedures under Nevada law, there appears to be no valid reason for not serving the writ of garnishment and seizure on Metlife. The writ, itself, does not require the garnishee to pay over the property in is possession. Therefore, the Marshal should serve the writ on Metlife.

1  Rizzolo's annuity account until it has first been served with the writ of garnishment, has been
2  served with an application for judgment in favor of the Defendant for the use of Plaintiffs against
3  the garnishee and the District Court has entered judgment against Metlife, as garnishee, in
4  accordance with the requirements of NRS Chapter 31.  Furthermore, once judgment is entered, the
5  garnishee is required to deliver the money in its possession to the marshal for subsequent delivery
6  to the plaintiff.  N.R.S. §31.310.

7  Although the Court has no information that Prudential Life Insurance Company was served
8  with Plaintiffs' Motion for Order Permitting Seizure of Defendant Kimtran Rizzolo's Annuity
9  Accounts (#612), it was apparently provided with a copy of Order (#634), and pursuant to that
10 order and Plaintiffs' demand, has paid over to Plaintiffs' counsel the cash surrender value Kimtran
11 Rizzolo's two annuity accounts with Prudential.  Unfortunately, this payment does not comply with
12 the requirements of Fed.R.Civ.Pro. 69 and NRS Chapter 31.

13 Garnishee Defendant Transamerica has correctly identified in its Motion for Clarification
14 (#645) the procedures that should have been followed by Plaintiffs and by the Court in regard to
15 Plaintiffs' effort to seize the subject annuity accounts of Defendant Kimtran Rizzolo for purposes
16 of satisfying Plaintiffs' judgment against her.  Although the undersigned believes that Kimtran
17 Rizzolo's annuity accounts are not exempt, in whole or in part, from execution for the reasons set
18 forth in Order (#634), in view of the the lack of compliance with the procedures set forth in NRS
19 Chapter 31, that order cannot lawfully require the garnishees, including Transamerica, to pay over
20 the proceeds to the annuity accounts to Plaintiffs.  Accordingly,

21 **IT IS HEREBY ORDERED** that Garnishee Defendant Transamerica's Motion for
22 Clarification of Order Dated September 17, 2012 and for Stay of Writ of Execution Pending
23 Clarification (#644) is **granted** as follows:

24 1. Garnishee Defendants Transamerica Insurance Company and Prudential Life
25 Insurance Company, and Metropolitan Life Insurance Company are not required to pay over the
26 cash surrender values of annuities purchased by Defendant Kimtran Rizzolo until and unless
27 Plaintiffs comply with the procedural requirements of Rule 69 of the Federal Rules of Civil
28 Procedure and the provisions of Chapter 31 of the Nevada Revised Statutes relating to garnishment

of Defendant's property in the possession of a third person, and a judgment in accordance with those provisions has been entered against the garnishee defendants in favor of the defendant for the use of the plaintiff in accordance with NRS §31.300.

      2.      Plaintiffs shall provide a copy of this order to Garnishee Defendant Prudential Life Insurance Company and shall confer with its representatives and counsel for Defendant Kimtran Rizzolo in regard to the proper handling of the funds that have been paid over to Plaintiffs' counsel in compliance with Order (#634), and shall provide this Court with a status report within seven (7) days of the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of Order [Dkt. No. 647] (#648) is **denied.**

DATED this 12th day of October, 2012.

                                              _____
                                              GEORGE FOLEY, JR.
                                              United States Magistrate Judge