1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6            **DISTRICT OF NEVADA**
7

8  KIRK AND AMY HENRY,                    )
                                          )
9          Plaintiffs,                    )        Case No.  2:08-cv-00635-PMP-GWF
                                          )
10 vs.                                     )        **ORDER**
                                          )
11 FREDRICK RIZZOLO, aka RICK RIZZOLO, *et al.*,)   Motion for Attorneys' Fees (#703)
                                          )
12         Defendants.                    )
   _____    )
13

14         This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees Against

15 Garnishee-Defendant Transamerica Life Insurance Company ("Transamerica") (#703) filed on

16 December 19, 2012.  Transamerica filed a timely Opposition (#718) on January 4, 2013.  Plaintiffs

17 filed a timely Reply (#720) on January 9, 2013.

18                              **BACKGROUND**

19         Plaintiffs seek the recovery of attorneys' fees arising out of a contested garnishment

20 proceeding against garnishee Defendant Transamerica.  On April 19, 2012, the Court granted

21 Plaintiffs summary judgment against Defendants Rick Rizzolo and Kimtran Rizzolo in the amount

22 of $1,052,996.03.  *Order (#583), Judgment (#584).*  On May 22, 2012, the Court Clerk issued a

23 writ of execution to the United States Marshal directing him to satisfy the judgment out of the

24 personal property of the judgment debtors. *Writ of Execution (#594).*  The United States Marshal

25 served a writ of garnishment and seizure on Transamerica Life Insurance Company

26 ("Transamerica") on June 8, 2012 for purposes of seizing judgment debtor Kimtran Rizzolo's

27 annuity account with that company.  *Docket (#604).*  Transamerica responded to the writ of

28 garnishment by filing a separate action for declaratory judgment in this District Court on July 3,

1  2012.  *See* <u>Transamerica Life Insurance Company v. Kirk and Amy Henry</u>, Case No. 2:12-cv-1171,

2  *Complaint (#1)*.  Transamerica alleged in its complaint that Kimtran Rizzolo's Transamerica

3  annuity account was exempt from execution pursuant to Nevada Revised Statute (NRS)

4  §687B.290.1.

5       On July 12, 2012, Plaintiffs filed a Motion for Order Permitting Seizure of Defendant

6  Kimtran Rizzolo's Annuity Accounts (#612).  Plaintiffs stated in their motion that Transamerica

7  had responded to the writ of garnishment by filing the independent action alleging that the annuity

8  account is exempt from execution.  Plaintiffs requested that the Court enter an order that the

9  annuity is not exempt from execution and that Transamerica be ordered to pay the annuity proceeds

10 to the Plaintiffs.  Transamerica and Defendant Kimtran Rizzolo argued in opposition to Plaintiffs'

11 motion that the annuity account is exempt from execution under NRS §687B.290.1  The parties'

12 briefs focused on the exemption issue and did not address whether Plaintiffs' motion was

13 procedurally correct.  This Court concluded that the Transamerica annuity account was not exempt

14 from seizure under NRS §687B.290.1 and granted Plaintiffs' motion.  *Order (#634)*.

15      On September 20, 2012, Plaintiffs filed a motion for order to show cause why

16 Transamerica should not be held in contempt for failing to pay over the annuity to Plaintiffs in

17 compliance with Order (#634).  Transamerica responded by filing a Motion for Clarification of

18 Order and Stay of Execution Pending Clarification (#644).  The Court agreed with Transamerica

19 that it was not legally required to pay over the annuity until it was served with an application for

20 judgment in favor of the Defendant for the use of Plaintiffs against the garnishee and the District

21 Court has entered judgment against Transamerica, as garnishee, in accordance with the

22 requirements of NRS Chapter 31.  *Order (#664)*.  The Court reiterated, however, that Kimtran's

23 annuity accounts were not exempt from execution under NRS §687B.290.1.  *Id.*

24      Plaintiffs filed their Application for Judgment Against Garnishee Defendant Transamerica

25 Life Insurance Company (#681) in accordance with the procedure set forth in NRS §31.300 on

26 October 26, 2012.  Plaintiffs noted in their motion that on that same date, Transamerica answered

27 the interrogatories to garnishee that were originally propounded in the writ of garnishment served

28 on June 8, 2012.  *Application (#681), Exhibit 1.*  Transamerica filed an opposition to Plaintiffs'

application on November 7, 2012.  *Opposition (#689).*  Plaintiffs' filed their *Reply (# 691)* on

November 19, 2012.  On December 4, 2012, the Court granted Plaintiffs' Application for Judgment

(#681) as follows:

> IT IS THEREFORE ORDERED that Plaintiffs' Application for
> Judgment Against Garnishee Defendant Transamerica Life Insurance
> Company (Doc. #681) is hereby GRANTED.
>
> IT IS FURTHER ORDERED that the Clerk of Court shall enter
> Judgment in the amount of $190,644.19 in favor of Defendant
> Kimtran Rizzolo for the use of Plaintiffs Kirk Henry and Amy Henry
> against Garnishee Transamerica Life Insurance Company pursuant to
> Nevada Revised Statute § 31.300(2).

*Order (#695).*

The Clerk entered judgment pursuant to the order on December 5, 2012.  *Judgment in a

Civil Case (#696).*

## DISCUSSION

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that the procedure on

execution of a money judgment must accord with the procedure of the state where the court is

located, but a federal statute governs to the extent it applies.  Plaintiffs request an award of

attorneys' fees against Transamerica pursuant to Nevada's garnishment statutes arising from their

efforts to execute on Defendant Kimtran Rizzolo's annuity account.  Resolution of Plaintiffs'

motion is somewhat complicated by the fact that the parties did not strictly follow the garnishment

procedures set forth in Chapter 31 of the Nevada Revised Statutes.

NRS §31.260.1(e) states that the writ of garnishment must require the garnishee to submit

answers to the interrogatories accompanying the writ within 20 days after service of the writ.  NRS

§31.290.2 requires the garnishee to answer the interrogatories in writing upon oath or affirmation

and submit the answers to the sheriff within the time required by the writ.  The garnishee is also

required to submit its answers to the judgment debtor within the same time period.  If the garnishee

fails to do so, the garnishee shall be deemed in default.

NRS §31.320 provides that if the garnishee fails, neglects or refuses to answer the

interrogatories within the time required, the court shall, upon application by the plaintiff with at

. . .

3

least 5 days notice of the hearing given to the defendant, enter judgment in favor of the defendant

for the use of the plaintiff against the garnishee.

NRS §31.330 provides:

> If the garnishee answers as required by the writ, the plaintiff may
> within 20 days after the expiration of the time allowed for the filing
> of such answer, reply to the whole or any part thereof by an affidavit
> traversing the same; the plaintiff may also in his reply allege any
> matters which would charge the garnishee with liability according to
> the provisions of this chapter, and such affidavit may be upon
> information and belief.  If the plaintiff fails to reply within the time
> aforesaid, he shall be deemed to have accepted the answer of the
> garnishee as true, and judgment may be entered accordingly.

NRS §31.340 further provides:

> New matter in the affidavit replying to the answer of the garnishee
> shall be taken as denied or avoided, and the matter thus at issue
> without further pleadings shall be tried in the same manner as other
> issues of like nature, and upon the verdict or finding thereon,
> judgment shall be entered the same as if the garnishee had answered
> according to such verdict or finding; but if the verdict or finding is as
> favorable to the garnishee as his answer, he shall recover costs of the
> proceeding against the plaintiff together with a reasonable attorney's
> fee, otherwise the plaintiff shall recover costs against the garnishee,
> together with reasonable attorney's fee.

In *Settelmeyer & Sons v. Smith & Harmer*, 124 Nev. 1206, 1214, 197 P.3d 1051, 1056

(Nev. 2008), the Nevada Supreme Court summarized the garnishment procedure as follows:

> If a properly served garnishee defendant fails to answer the
> interrogatories, the court must enter judgment for the garnished
> amount "in favor of the defendant for use of the plaintiff against the
> garnishee."  If the garnishee defendant answers the interrogatories,
> the matter proceeds one of two ways.  If the garnishee defendant
> admits he has the defendant's property, the court may enter a
> judgment in the defendant's favor.  But, if the garnishment is
> contested, the matter must be tried and judgment rendered, in a
> manner similar to civil cases.

Initially, Plaintiffs complied with the requirements of NRS §31.260 and NRS §31.290 by

obtaining the service of a writ of garnishment on Transamerica.  *See Docket No. 604.*

Transamerica, however, did not submit answers to the interrogatories as required in NRS

§31.290.2.  Instead, Transamerica filed an independent action for declaratory judgment against the

Plaintiffs, alleging that the annuity was exempt from execution.  Arguably, Plaintiffs could have

applied to the District Court for a judgment pursuant to NRS §31.320 when Transamerica did not

4

submit answers to interrogatories within 20 days of being served with the writ of garnishment. Plaintiffs would have been required to provide notice of the application to Defendant Kimtran Rizzolo, who could have asserted any grounds for opposing the entry of the garnishment judgment, including that the annuity was exempt from execution.

Plaintiffs, instead, responded to Transamerica's independent action for declaratory judgment by filing their Motion for Order Permitting Seizure of Defendant Kimtran Rizzolo's Annuity Accounts (#612).  Transamerica, in turn, filed an opposition to Plaintiffs' motion, arguing that the annuity was exempt from execution.  *See Garnishee Defendant Transamerica's Opposition (#616)*, filed July 19, 2012.  Defendant Kimtran Rizzolo filed her own opposition to Plaintiffs' motion.  *Defendant Kimtran Rizzolo's Opposition (#620)*, filed July 20, 2012.  This Court subsequently concluded that the annuity is not exempt from execution and granted Plaintiffs' motion.

Although the parties' pleadings were outside the strict confines of NRS §§31.290-31.340, the resulting process was substantially similar to what would have occurred if Transamerica had answered the garnishment interrogatories in accordance with NRS §31.290.2 and asserted therein that the annuity was exempt.  Plaintiffs could have then traversed Transamerica's answer pursuant to NRS §31.330 on the grounds that the annuity was not exempt. The Court would have then been required to adjudicate the exemption issue in accordance with NRS §31.340*.* The Court concludes that an award of attorney's fees to Plaintiffs pursuant to NRS §31.340 is not precluded because the parties did not strictly follow the procedures set forth in NRS Chapter 31.  This is particularly so given that it was Transamerica who initially elected to step outside the statutory framework by filing an independent action for declaratory relief, instead of answering the garnishment interrogatories in accordance with NRS §31.290.2.

Transamerica argues that there can be no award of attorney's fees because there was no trial as required by NRS §31.340 which states "the matter . . . shall be tried in the same manner as other issues of like nature."  The Nevada Supreme Court in *Settelmeyer* also stated that "if the garnishment is contested, the matter must be tried and judgment rendered, in a manner similar to civil cases."  124 Nev. at 1214, 197 P.3d at 1056.  This Court, however, does not construe NRS

§31.340 or *Settelmeyer* as requiring a trial in all cases in which a garnishment is contested by the garnishee.  Both the Nevada Rules of Civil Procedure and the Federal Rules of Civil Procedure provide for summary adjudication of civil actions without trial when there are no genuine issues of material fact and the issue can be resolved as a matter of law.  *See* Nev.R.Civ.Pro. 56 and Fed.R.Civ.Pro. 56.  An award of attorney's fees is proper under NRS §31.340 so long as a garnishment was contested by the garnishee and the plaintiff was the prevailing party in the proceeding against the garnishee.

Transamerica contested the garnishment on the grounds that Kimtran Rizzolo's annuity account was exempt from execution.  The undersigned held that the annuity was not exempt under §687B.290.1 based on the undisputed facts and as a matter of law.  Although the undersigned subsequently held that Transamerica could not be required to pay over the annuity amount in the absence of a judgment, Plaintiffs then filed an application for a judgment which Transamerica also opposed.  The District Court then granted judgment in favor of Defendant Kimtran Rizzolo for the use of Plaintiffs against Transamerica pursuant to NRS § 31.300(2).  The Court rejects Transamerica's argument that Plaintiffs were not the prevailing party in the garnishment proceeding.  Transamerica contested the garnishment from its inception  on the grounds that the annuity was exempt from execution.  The Court held that it is not exempt from execution and granted judgment against Transamerica for the use of the Plaintiffs.  Plaintiffs were clearly the prevailing party and Transamerica was clearly the losing party in this garnishment proceeding.

Transamerica argues that attorneys' fees should not be awarded against it because it had a contractual duty to protect Kimtran Rizzolo's annuity asset based on the claimed exemption.  Transamerica argues that an interpretation of NRS §31.340 in accordance with "reason and public policy[,] dictates that attorneys' fees *not* be awarded when a garnishee, such as Transamerica, here, engages in a good faith effort to 1) protect the interests of its annuitants, 2) adhere to a binding contract to protect annuity proceeds to the extent permitted by law, and 3) ensure that it is released from liability and legally permitted to release annuity proceeds."  *Transamerica's Opposition (#718), pg. 6.* Transamerica argues that this interpretation of NRS §31.340 is supported by the principle that if the statutory language fails to address the issue, the court should construe the

1   statute in accordance with what reason and public policy indicate the legislature intended. *Hardy*

2   *Companies, Inc. v. SNMARK, LLC*, 126 Nev. Adv. Op. 49, 245 P.3d 1149, 1153 (Nev. 2010).

3       Transamerica also relies on *Crutchfield v. Marine Power Engine Co.*, 209 P.3d 295 (Okla.

4   2009) in which the Oklahoma Supreme Court held that Oklahoma's garnishment statute does not

5   permit an award of attorney's fees to the putative judgment debtor who successfully defends the

6   garnishee in the garnishment proceeding.  In so holding, the court noted that Oklahoma follows the

7   "American Rule" which provides that each litigant pays for legal representation and that the court is

8   without authority to award attorney's fees unless specifically authorized by statute or contract. The

9   court further stated that statutory exceptions to the "American Rule" should be strictly construed.

10  Because the Oklahoma garnishment statute did not authorize an award of attorney's fees to the

11  prevailing judgment debtor in a garnishment proceeding, the court declined to read such a provision

12  into the statute.  Transamerica argues that a garnishee should not be liable for an award of

13  attorney's fees when it acts in good faith in contesting the garnishment on the basis of the judgment

14  debtor's claimed exemption.

15      NRS §31.340 states that "if the verdict or finding is as favorable to the garnishee as his

16  answer, he shall recover costs of the proceeding against the plaintiff together with a reasonable

17  attorney's fee, otherwise the plaintiff shall recover costs against the garnishee, together with

18  reasonable attorney's fee."  The plain language of the statute does not require a finding of

19  unreasonableness or bad faith in order for attorney's fees to be awarded.  The absence of any such

20  express limitation indicates that the Nevada Legislature did not intend such a limitation.  The

21  Nevada Legislature has included such limiting language in other attorney's fee statutes when it so

22  desires.  NRS §18.010.2(b), for example, states that "[i]n addition to cases where an allowance is

23  authorized by specific statute, the court may make an allowance of attorney's fees to the prevailing

24  party without regard to the recovery sought, when the court finds that the claim, counterclaim,

25  cross-claim or third party complaint or defense of the opposing party was brought without

26  reasonable ground or to harass the prevailing party."  This Court therefore concludes that NRS

27  §31.340 does not require a finding of unreasonableness or bad faith by the opposing party in order

28  for attorneys' fees to be awarded to the prevailing plaintiff or garnishee in a contested garnishment

proceeding.

Insofar as Transamerica was required to contest the garnishment by the terms of its contract with Kimtran Rizzolo, such agreement does not preclude an award of fees to the Plaintiffs under NRS §31.340. Whether Transamerica should be indemnified by Kimtran Rizzolo is not presently before the Court. The Court, however, does not see why Transamerica or any other annuity company could not protect itself from such obligation or liability by including a provision in the contract that requires the annuitant, who claims exemption, to defend the garnishment proceeding or which requires the annuitant to indemnify the annuity company in the event its defense of the exemption is unsuccessful and costs and fees are imposed.

Transamerica argues that Plaintiffs should not recover attorneys' fees in regard to its motion to dismiss Transamerica's "ancillary, but separate Declaratory Judgment action--an action that is not a garnishment trial or proceeding." *Transamerica's Opposition (#178), pg.7 n. 6.* As discussed above, Transamerica could have raised the exemption defense in its answers to the garnishment interrogatories and the issue could have been litigated in this action as it eventually was. Transamerica elected, however, to file an unnecessary separate action for declaratory relief against the Plaintiffs. Because the declaratory relief action was closely related to the garnishment proceeding in this Court, Plaintiffs are also entitled to recover their attorneys' fees incurred in obtaining the dismissal of the declaratory relief action. Transamerica has not otherwise disputed the reasonableness of the fees sought by Plaintiffs.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs are entitled to recover their reasonable attorneys' fees in the garnishment proceeding against garnishee Defendant Transamerica Life Insurance Company. Accordingly,

. . .

. . .

. . .

. . .

. . .

8

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees Against Garnishee-Defendant Transamerica Life Insurance Company ("Transamerica") (#703) is **granted** in the amount of Twenty Five Thousand Six Hundred Seventy Five Dollars and Fifty Cents ($25,675.50).

DATED this 20th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge